1  GOLD BENNETT CERA & SIDENER LLP
   STEVEN O. SIDENER (SBN 121062)
2  JOSEPH M. BARTON (SBN 188441)
   C. ANDREW DIRKSEN (SBN 197378)
3  595 Market Street, Suite 2300
   San Francisco, California 94105-2835
4  Telephone: (415) 777-2230
   Facsimile: (415) 777-5189
5
   COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
6  MICHAEL D. HAUSFELD
   RICHARD A. KOFFMAN
7  MICHAEL W. BYRNE
   1100 New York Avenue, N.W.
8  West Tower, Suite 500
   Washington, D.C.  20005
9  Telephone: (202) 408-4600
   Facsimile (202) 408-4699
10
       - and -
11
   LINDA P. NUSSBAUM
12 150 East 52nd Street, 30th Floor
   New York, New York  10022
13 Telephone: (212) 838-7797
   Facsimile: (212) 838-7745
14
   Co-Chairs of Plaintiffs' Executive Committee
15

16               UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 MJJ |
| 20 | Class Action |
| 21 | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 22  THIS DOCUMENT RELATES TO: | Date: March 16, 2005 |
| 23      ALL ACTIONS | Time: 3:30pm<br>Place: Courtroom 11, 19th Floor<br>The Honorable Martin J. Jenkins |
| 24 | |
| 25 | |

26

27

28

#109392

1    The parties to the above-entitled actions jointly submit this Case Management Conference
2    Statement pursuant to the Court's Scheduling Order dated February 23, 2005.

### DESCRIPTION OF THE CASE

3    **1.     A Brief Description Of The Events Underlying The Action**

5    On April 8, 2003, Class Plaintiffs filed the first of seven identical purported class actions
6    alleging that Defendants engaged in an unlawful price-fixing conspiracy in violation of Sherman
7    Act § 1 and Clayton Act § 4.  The purported class consists of all individuals and entities who
8    purchased rubber chemicals in the United States directly from Defendants, their predecessors or
9    their controlled subsidiaries from May 1995 to December 31, 2001 (the "Class").  Plaintiffs allege
10   that the members of the Class paid artificially inflated prices for rubber chemicals and, as a result,
11   have suffered antitrust injury to their business or property.

12   On September 4, 2003, the Class Plaintiffs and Defendants filed with this Court a
13   Stipulation and Proposed Pretrial Order No. 1 ("PTO") seeking, among other things, to
14   consolidate all related actions and establish a Plaintiffs' Executive Committee.  On September 17,
15   2003, the Court entered an Order granting the PTO.  On October 9, 2003, the Court entered an
16   Order Consolidating Cases under the caption *In re Rubber Chemicals Antitrust Litigation*, Case
17   Number 03-1496 (MJJ).  On November 3, 2003, the Class Plaintiffs filed their Consolidated
18   Amended Complaint ("CAC").  On December 8, 2003, certain of the Defendants answered the
19   CAC.  Bayer AG answered on March 8, 2004.  Rhein Chemie Rheinau GmbH was voluntarily
20   dismissed by Class Plaintiffs on April 6, 2004.

21   On January 14, 2004 and January 27, 2004, the Court held an Initial Case Management
22   Conference.  On January 27, 2004, the Court entered an order setting forth a schedule for class
23   certification discovery, a schedule for briefing, and limitations on depositions and interrogatories.
24   Under the Order, initial discovery pertaining to class certification was permitted and merits-based
25   discovery was not, and the Order set forth a class certification schedule that concluded with a
26   hearing.  On September 27, 2004, the Class Plaintiffs filed their motion for class certification.
27   Defendants' opposition is due March 15, 2005 under a Stipulation and Proposed Order that was
28   submitted to the Court by the parties on February 7, 2005.

On January 12, 2005, Class Plaintiffs informed the Court that the class plaintiffs in this action and in *In re EPDM Antitrust Litigation*, Case No. 3:03-MD-1542 (PCD) (D.Conn.) and in *In re NBR Antitrust Litigation*, Master Docket Civil Action No. 03-1898 (W.D. Pa.) had reached an agreement in principle with the Crompton Defendants to settle the liability of Crompton for a total payment of $97 million, plus up to $500,000 in notice and administration costs, plus extensive cooperation with plaintiffs' counsel in the prosecution of these actions against the remaining, non-settling Defendants ("Crompton Settlement").  Class Plaintiffs will file a motion for preliminary approval of the Crompton Settlement shortly.

On January 28, 2005, the Court issued a Practice and Procedures Order which, among other things, ordered that all discovery proceedings in these actions are stayed until further order of the Court and the time requirements to perform any acts or file any papers to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until the first case management conference at which time a discovery schedule will be established.  In addition, the parties shall present to the Court a list of attorneys for purposes of service and designate liaison counsel for each group of parties whose interest are similarly aligned.

On February 18, 2005, the Class Plaintiffs filed a motion for preliminary approval of a settlement with the Flexsys Defendants.  Class Plaintiffs have been informed by the Court that the motion is submitted on the papers.

By Scheduling Order dated February 23, 2005, the parties were ordered to prepare a Joint Case Management Conference Statement by March 7, 2005 in advance of the March 16, 2005 Joint Case Management Conference.

## 2.    **Non-Class Direct Actions**

On July 16, 2004, The Goodyear Tire & Rubber Company filed an antitrust lawsuit regarding rubber chemicals in the Northern District of Ohio against Bayer and Crompton Defendants, and named the Flexsys entities as co-conspirators.  Goodyear has settled with the Flexsys entities. *See The Goodyear Tire & Rubber Company v. Bayer A.G. etc.*, Case No. 5:04-CV-1345 (N.D. Ohio).

//

1    On July 16, 2004, RBX Industries, Inc. filed an antitrust lawsuit in the Western District

2 of Pennsylvania regarding rubber chemicals against the Bayer, Crompton and Flexsys Defendants.

3 RBX has settled with the Bayer Defendants. *See RBX Industries, Inc. v. Bayer A.G. etc.*,

4 Case No. 2:04-1049 (W.D. Pa.).

5    By Order dated December 21, 2004, the Judicial Panel on Multidistrict Litigation

6 transferred the Goodyear and RBX cases to this Court for coordinated MDL proceedings.  A new

7 MDL civil docket number was created to include all related actions.  *In re Rubber Chemicals*

8 *Antitrust Litigation*, MDL Docket NO. C-04-1648 (MJJ).

9    **3.    The Principal Factual Issues Which The Parties Dispute**

10    The parties reserve the right to supplement this list:

11    (a)    Whether there are common factual issues that predominate over disparate

12 factual issues.

13    (b)    Whether Defendants reached an agreement(s) to fix, raise, or stabilize

14 prices.

15    (c)    The time at which the alleged agreement(s) began, and the duration of the

16 agreement(s).

17    (d)    The location where the alleged agreement(s) was reached, and/or the

18 means of communication, and the content of communications constituting the alleged

19 agreement(s).

20    (e)    Which individuals representing which entities were involved in the alleged

21 agreement(s).

22    (f)    Which of the Defendants' rubber chemicals products were the subject of

23 the alleged agreement(s).

24    (g)    Whether the named Plaintiffs suffered any injury in fact by virtue of the

25 conduct alleged in the Complaints.

26    (h)    Whether the Defendants' alleged actions had the effect of setting the price

27 of the relevant rubber chemicals at supracompetitive levels.

28 //

1       (i)     Whether as a result of Defendants' alleged actions, Plaintiffs paid

2 supracompetitive prices for the various rubber chemicals they claim to have purchased.

3       (j)     The amount of damages suffered by Plaintiffs, and the time period during

4 which damages were suffered as a result of the Defendants' alleged agreement(s).

5     **4.**    **The Principal Legal Issues Which The Parties Dispute**

6     The parties reserve the right to supplement this list:

7       (a)     Whether this action may be maintained as a class action consistent with

8 federal law, including the requirements of Fed. R. Civ. Proc. 23, and, if so, the definition of the

9 class.

10       (b)     Whether Plaintiffs have sustained an antitrust injury proximately caused by

11 Defendants' actions as required by Clayton Act § 4.

12       (c)     Whether Defendants reached an agreement to fix the prices of the various

13 rubber chemicals allegedly purchased by Plaintiffs over the course of the putative class period, in

14 violation of Sherman Act § 1.

15       (d)     Whether Defendants' conduct had any effect on prices in the relevant

16 rubber chemicals market.

17       (e)     Whether Plaintiffs' damages are cognizable under the antitrust laws.

18       (f)     Whether Plaintiffs' claims are barred by the statute of limitations.

19       (g)     Whether Plaintiffs can meet the requirements for an injunction.

20     **5.**    **Other Factual Issues Which Remain Unresolved For The Reason Stated Below and How The Parties Propose To Resolve Those Issues:**

21

    None.

22

23     **6.**    **The Parties Which Have Not Been Served And The Reasons**

24     None.

25     **7.**    **The Additional Parties Which The Below-Specified Parties Intend To Join And The Intended Time Frame For Such Joinder:**

26

27     The parties are not presently intending to join any additional parties at this time,

28 but respectfully reserve the right to do so as the case proceeds.

**ALTERNATIVE DISPUTE RESOLUTION**

**8.** **The Following Parties Consent To Assignment Of This Case To A United States Magistrate Judge For Trial:**

None.  The parties do not consent to assignment of this case to a Magistrate Judge.

**9.** **The Parties Have Already Been Assigned To The Following Court ADR Process:**

None.  The parties have not been assigned to or agreed to any ADR procedures.

**10.** **The ADR Process To Which The Parties Jointly Request**

None.  The parties believe that an ADR referral is premature at this time.

**DISCLOSURES**

**11.** **The Parties Certify That They Have Made The Following Disclosures**

Pursuant to the Court's ruling during a telephonic hearing on March 23, 2004, Class Plaintiffs and Defendants have provided initial disclosures pursuant to Federal Rule of Civil Procedure 26 insofar as they apply to class certification.  In addition, the Bayer Defendants have provided counsel for Goodyear with the documents and data provided to Class Plaintiffs and the deposition transcript and exhibits of Bayer Corporation's corporate designee from the consolidated class action proceeding.

**DISCOVERY**

**12.** **Class Certification Discovery And Schedule**

Class certification discovery of the parties is complete.  Previously, the Class Plaintiffs and Defendants had agreed to the following certification discovery plan which they used in the discovery regarding class certification:

(a)     **Number Of Depositions**.  In their Supplemental Joint Case Management Statement filed January 26, 2004, the Class Plaintiffs and Defendants agreed, and the Court ordered, that depositions are limited to twenty-five (25) per party (not including Rule 30(b)(6) depositions).  In the event the circumstances require, Class Plaintiffs reserve the right to seek to waive this limitation through agreement with Defendants or by way of motion to the Court.

//

1             **(b)**     **Duration Of Depositions**.   In their Supplemental Joint Case Management

2 Statement filed January 26, 2004, the Class Plaintiffs and Defendants agreed, and the Court

3 ordered, that the seven-hour limitation imposed by Fed.R.Civ.Proc. 30(d)(2) shall apply to

4 depositions.  In the event the circumstances require, the parties reserve the right to seek to waive

5 this limitation through agreement with Defendants or by way of motion to the Court.

6             **(c)**     **Interrogatories**.  In their Supplemental Joint Case Management Statement

7 filed January 26, 2004, the Class Plaintiffs and Defendants agreed, and the Court ordered, that

8 Fed.R.Civ.Proc. 33, limiting the number of interrogatories to twenty-five (25) per party, should

9 not be waived.  In the event the circumstances require, Class Plaintiffs reserve the right to seek to

10 waive this limitation through agreement with Defendants or by way of motion to the Court.

11             **(d)**     **Class Plaintiffs' And Defendants' Proposed Class Certification Schedule**

13       On February 7, 2005, Class Plaintiffs and Defendants filed a Stipulation and [Proposed]

14 Order Permitting Plaintiffs To File The Second Amended Consolidated Complaint And Revising

15 The Class Certification Schedule.  Accordingly, Class Plaintiffs and Defendants propose the

16 following class certification schedule:

| Item | Proposed Deadline / Date |
|---|---|
| Defendants' Brief in Opposition to Class Certification | March 15, 2005 |
| Deadline to depose Defendants' Expert(s) | April 20, 2005 |
| Plaintiffs' Reply in Support of Class Certification | May 20, 2005 |
| Class Certification Hearing | June 14, 2005, or as soon thereafter as the Court's schedule permits |

//
//
//
//
//

1     **13.     Merits Discovery And Case Schedule**

2         On January 27, 2004, the Court entered an order in the consolidated class actions

3  providing for discovery as to class certification issues.  The Court's order did not provide a date

4  for the start of merits discovery, and its order of  January 28, 2005 states that at the case

5  management conference, the Court will establish a discovery schedule.

6         **(a)     Class And Non-Class Plaintiffs' Proposed Case Schedule**

7         The Class and Non-Class Plaintiffs ("Plaintiffs") believe that merits discovery should begin

8  on June 17, 2005.  Between now and then, the parties can confer about specific discovery issues

9  in the interest of facilitating this process.  Specifically, the Class and Non-Class Plaintiffs propose

10  the following schedule:

| CLASS AND NON-CLASS PLAINTIFFS' PROPOSED CASE SCHEDULE | |
| --- | --- |
| **Item** | **Proposed Deadline / Date** |
| Merits Discovery Begins | June 17, 2005 |
| Merits Discovery Ends | March 17, 2006 |
| Plaintiffs' Expert Reports & Backup | April 17, 2006 |
| Defendants' Expert Reports & Backup | May 17, 2006 |
| Plaintiffs' Rebuttal Reports & Backup | June 7, 2006 |
| Defendants Depose Plaintiffs' Experts | June 12-23, 2006 |
| Plaintiffs Depose Defendants Experts | June 26- July 7, 2006 |
| Case Dispositive Motions (includes Daubert motions) | August 7, 2006 |
| Memoranda in Opposition to Motions | September 6, 2006 |
| Reply to Motions | September 27, 2006 |
| Hearing on Case Dispositive Motions | October 27, 2006 |
| Remand Date (or such other date when the Court rules on dispositive motions) | December 11, 2006 |

25         Plaintiffs do not agree with Defendants' proposed positions on scheduling, which invite

26  further delay in a case in which two of the Defendants have pled guilty (Bayer AG and Crompton

27  Corp.).

28  //

1    Regardless of the fate of the class certification motion or the proposed class settlements,
2  there remain two independent, non-class cases (Goodyear and RBX) that have been pending since
3  July 2004 and which will require merits discovery from defendants anyway.  Between now and the
4  start of merits discovery on June 17, 2005, Class and Non-Class Plaintiffs will confer about the
5  merits discovery they seek in common or is needed separately and otherwise use the time to
6  streamline their discovery to defendants.  That is the kind of economy of scale and efficiency
7  contemplated by the MDL process.  Crompton acknowledges that it wants to stop merits
8  discovery until the opt-out process runs its course.  That will take months.  And what if a class
9  member objects at the fairness hearing to one of the proposed settlements and there is an appeal.
10  Then months of delay may become a year or longer.  The surest way to ensure that this case is
11  litigated efficiently and timely is to set a pretrial schedule now (including merits discovery starting
12  on June 17, 2005) with milestones that all parties can use to gain traction to drive this case
13  toward completion.

14    Plaintiffs disagree with Bayer's and Crompton's proposal for defendants to depose
15  plaintiffs' experts before defendants' experts submit their reports, and for defendants to depose
16  plaintiffs' experts twice, once before defendants' experts submit their reports and once afterwards.

17    This procedure creates duplication and unfair surprise as plaintiffs' experts are called upon
18  to testify without knowing the opinions of defendants' experts.  It is Plaintiffs' experience that the
19  usual procedure in these sorts of cases is for the experts on both sides to submit reports before
20  being deposed.

21                **(b)      The Bayer Defendants' Proposed Case Schedule**

22    Consistent with the Court's Order of January 27, 2004, the Bayer Defendants believe that
23  a schedule proposing a date for the commencement of merits discovery is premature and should
24  be deferred until after the Court's decision on Class Plaintiffs' motion for class certification.  In the
25  alternative, the Bayer Defendants believe that the case schedule proposed by Class and Non-Class
26  //
27  //
28  //

1  Plaintiffs, set forth above, should be modified as follows:

| BAYER DEFENDANTS' PROPOSED CASE SCHEDULE | |
|---|---|
| **Item** | **Proposed Deadline / Date** |
| Merits Discovery Begins | June 17, 2005 |
| Merits Discovery Ends | March 17, 2006 |
| Plaintiffs' Expert Reports & Backup | April 17, 2006 |
| Defendants Depose Plaintiffs' Experts | May 17, 2006 |
| Defendants' Expert Reports & Backup | June 19, 2006 |
| Plaintiffs Depose Defendants' Experts | July 19, 2006 |
| Plaintiffs' Rebuttal Reports & Backup | August 18, 2006 |
| Defendants Depose Plaintiffs' Experts | September 18, 2006 |
| Case Dispositive Motions (includes Daubert motions) | October 18, 2006 |
| Memoranda in Opposition to Motions | November 17, 2006 |
| Reply to Motions | December 8, 2006 |
| Hearing on Case Dispositive Motions | January 8, 2007 |
| Remand Date (or such other date when the Court rules on dispositive motions) | February 28, 2007 |

### (c)    Position Of Flexsys Defendants On Case Schedule

On February 18, 2005, the Class Plaintiffs filed a Motion for Preliminary Approval of Settlement with the Flexsys Defendants. Accordingly, the Flexsys Defendants propose to defer the scheduling of pretrial proceedings and discovery as to them pending the resolution of the settlement approval process. The Flexsys Defendants will confer with the Plaintiffs, if necessary, regarding a case management schedule no later than thirty (30) days following the due date scheduled by the Court for proposed class members to opt-out of the proposed settlement class.

### (d)    Position Of Crompton Defendants On Case Schedule

On January 11, 2005, the Crompton Defendants ("Crompton") and Class Plaintiffs reached an agreement to settle this action. It is anticipated that Class Plaintiffs will file a motion for preliminary approval of the Crompton Settlement within the next few weeks. Accordingly, as set forth below, Crompton proposes that the scheduling of pretrial proceedings and discovery as to

1  Crompton be deferred until thirty (30) days following the due date scheduled by the Court for

2  proposed class members to opt out of the Crompton Settlement.  This proceeding is now an MDL

3  proceeding, which by definition is designed to achieve economies and efficiencies for both the

4  parties and the Court by way of consolidated and coordinated pre-trial proceedings, including

5  discovery.  Crompton's Settlement, once approved, will resolve these cases in their entirety.

6  While the settlement procedures will determine whether any entities will opt out of the

7  Settlement, that information will not be known until the opt-out process has run its course.  Thus,

8  Crompton believes that the most efficient manner in which to proceed, which avoids potentially

9  wasted and duplicative efforts by the parties and the Court and ensures that discovery with

10  respect to Crompton occurs only once in a coordinated fashion, is to defer the setting of a

11  schedule until after resolution of the Crompton Settlement.  In this regard, Crompton proposes to

12  meet and confer with Class and Non-Class Plaintiffs, if necessary, regarding a case management

13  schedule no later than thirty (30) days following the due date scheduled by the Court for proposed

14  class members to opt out of the Crompton Settlement.

15       Notwithstanding Crompton's position set forth above, to the extent the Court decides to

16  fix a discovery schedule as to Crompton, Crompton endorses the Bayer Defendants' proposed

17  case schedule.

18                                    **OTHER ITEMS**

19       **14.    Proposed Liaison Counsel For Similarly Aligned Parties**

20       The following counsel are proposed liaison counsel for similarly aligned parties:

| Party | Designated Liaison Counsel |
|---|---|
| Class Plaintiffs | Gold Bennett Cera & Sidener LLP |
| Non-Class Plaintiffs The Goodyear Tire & Rubber Company and RBX Industries, Inc. | Kenny Nachwalter PA |
| Defendant Crompton Corp. and related entities | O'Melveny & Myers LLP |
| Defendant Flexsys and related entities | Gibson Dunn & Crutcher LLP |
| Defendant Bayer Corporation and related entities | Jones Day |

27  //

28  //

**15.    Designation Of Counsel For Purposes Of Service For Each Party**

The following counsel are designated for purposes of service:

| Party | Designated Counsel For Service |
|---|---|
| Class Plaintiffs | Gold Bennett Cera & Sidener LLP |
| Non-Class Plaintiff The Goodyear Tire & Rubber Company | Kenny Nachwalter PA |
| Non-Class Plaintiff RBX Industries, Inc. | Roda Nast, PC |
| Defendant Crompton Corp. and related entities | O'Melveny & Myers LLP |
| Defendant Flexsys and related entities | Gibson Dunn & Crutcher LLP |
| Defendant Bayer Corporation and related entities | Jones Day |

Dated: March 7, 2005

GOLD BENNETT CERA & SIDENER LLP

By: _____
Joseph M. Barton

COHEN MILSTEIN HAUSFELD
& TOLL, P.L.L.C.
Michael D. Hausfeld
Richard A. Koffman
Michael W. Byrne
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
              - and -
Linda P. Nussbaum
150 East 52nd Street, 30th Floor
New York, N.Y.  10022

Co-Chairs of Class Plaintiffs' Executive Committee

Dated: March 7, 2005

KENNY NACHWALTER PA


By: /s/ William J. Blechman
      William J. Blechman

KENNY NACHWALTER PA
Richard A. Arnold
William J. Blechman
201 South Biscayne Blvd.
Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

Attorneys for Plaintiff The Goodyear Tire &
Rubber Company

Dated: March 7, 2005

RODA NAST, PC


By:/s/ Dianne M. Nast
      Dianne M. Nast

RODA NAST, PC
Dianne M. Nast
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000
Facsimile: (717) 892-1200

Attorneys for Plaintiff RBX Industries, Inc.

Dated: March 7, 2005

O'MELVENY & MYERS LLP


By: /s/ Michael F. Tubach
      Michael F. Tubach

O'MELVENY & MYERS LLP
Michael F. Tubach (SBN 145955)
Embarcadero Center West
275 Battery Street, 26th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

1    Dated: March 7, 2005        O'MELVENY & MYERS LLP

2

3                      By: */s/ Michael F. Tubach*
                          Michael F. Tubach

4                      O'MELVENY & MYERS LLP

5                      Michael F. Tubach (SBN 145955)
                     Embarcadero Center West

6                      275 Battery Street, 26th Floor
                     San Francisco, CA 94111-3305

7                      Telephone: (415) 984-8700
                     Facsimile: (415) 984-8701

8                      O'MELVENY & MYERS LLP

9                      Ian Simmons
                     Benjamin G. Bradshaw (SBN 189925)

10                     Matthew R. Cosgrove*
                    1625 Eye Street, N.W.

11                     Washington, D.C.  20006-4001
                    Telephone:  (202) 383-5163

12                     Facsimile:  (202) 383-5414
                    *Admitted in New York only

13                     Attorneys for Defendants Crompton Corporation

14                     and Uniroyal Chemical Company, Inc.

15    Dated: March 7, 2005        JONES DAY

16

17                      By: */s/ Caroline N. Mitchell*
                          Caroline N. Mitchell

18                      Caroline N. Mitchell (SBN 143124)

19                     555 California Street, 26th Floor
                    San Francisco, CA  94104

20                     Telephone:  (415) 626-3939
                    Facsimile:  (415) 875-5700

21                     JONES DAY

22                     William O'Reilly
                    J. Andrew Read

23                     Kevin B. Byrd
                    51 Louisiana Avenue, N.W.

24                     Washington, D.C.  20001-2113
                    Telephone:  (202) 879-3939

25                     Facsimile:  (202) 626-1700

26                     Attorneys for Defendants Bayer AG, Bayer
                    Corporation and Rhein Chemie Corporation

27

28

1 | Dated: March 7, 2005

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Daniel G. Swanson
      Daniel G. Swanson

Daniel G. Swanson (SBN 116556)
333 South Grand Avenue
Los Angeles CA 90071-3197
Telephone:  (213) 229-7430
Facsimile:  (213) 229-6430

GIBSON, DUNN & CRUTCHER LLP
D. Jarrett Arp
Adam J. Di Vincenzo
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  (202) 955-8678
Facsimile:  (202) 530-9527

Attorneys for Defendant Akzo Nobel Chemicals,
Inc. and Akzo Nobel Chemicals International
B.V.

Dated: March 7, 2005

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Daniel G. Swanson
      Daniel G. Swanson

Daniel G. Swanson (SBN 116556)
333 South Grand Avenue
Los Angeles CA 90071-3197
Telephone:  (213) 229-7554
Facsimile:  (213) 229-6554

GIBSON, DUNN & CRUTCHER LLP
D. Jarrett Arp
Adam J. Di Vincenzo
1050 Connecticut Avenue, NW
Washington, D.C.  20036-5306
Telephone:  (202) 955-8678
Facsimile:  (202) 530-9527

1

2

3

4

5

6

7  **IT IS SO ORDERED**.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COVINGTON & BURLING
William D. Iverson
Michael J. Fanelli
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5383
Facsimile: (202) 662-6291

Attorneys for Defendants Flexsys America L.P.
and Flexsys N.V.

Dated: _____, 2005

By:_____
JUDGE MARTIN J. JENKINS
UNITED STATED DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Candy G. Windsor, hereby declare under penalty of perjury as follows:

I am employed by Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, California, 94105-2835.  I am over the age of eighteen years and am not a party to this action.

On March 7, 2005, I served a copy of the aforementioned **"JOINT CASE MANAGEMENT CONFERENCE STATEMENT"** to all counsel of record by electronic service pursuant to the Court's Order Regarding Electronic Service.

Executed on March 7, 2005, at San Francisco, California.

Candy G. Windsor

#108211                CERTIFICATE OF SERVICE - MDL Docket No. C-04-1648 MJJ                -1-