1   GOLD BENNETT CERA & SIDENER LLP
    PAUL F. BENNETT (SBN 63318)
2   STEVEN O. SIDENER (SBN 121062)
    JOSEPH M. BARTON (SBN 188441)
3   595 Market Street, Suite 2300
    San Francisco, California 94105-2835
4   Telephone: (415) 777-2230
    Facsimile: (415) 777-5189
5   E-Mail: pfb@gbcslaw.com
    E-Mail: sos@gbcslaw.com
6
    COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
7   MICHAEL D. HAUSFELD
    RICHARD A. KOFFMAN
8   MICHAEL W. BYRNE
    1100 New York Avenue, N.W.
9   West Tower, Suite 500
    Washington, D.C. 20005
10  Telephone: (202) 408-4600
    Facsimile (202) 408-4699
11  E-Mail: mhausfeld@cmht.com

12      - and -

13  LINDA P. NUSSBAUM
    150 East 52nd Street, 30th Floor
14  New York, New York 10022
    Telephone: (212) 838-7797
15  Facsimile: (212) 838-7745
    E-Mail: lnussbaum@cmht.com
16
    Co-Chairs of Class Plaintiffs' Executive Committee
17

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 20 IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 MJJ |
| 21 | Class Action |
| 22 | **CLASS PLAINTIFFS' NOTICE OF** |
| 23 | **MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF** |
| 24 | **EXPENSES; MEMORANDUM IN SUPPORT THEREOF** |
| 25 | |
| 26 THIS DOCUMENT RELATES TO: | Date:   June 21, 2005 |
| 27 ALL ACTIONS. | Time:   9:30 a.m. Courtroom 11, 19th Floor |
| 28 | |

110271

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

 I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

 II.  FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . 2

 III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A. An Interim Fee Award Is Warranted . . . . . . . . . . . . . . . . . . . . . . . . . 4

   B. A 25% Fee Award Is Fair And Appropriate . . . . . . . . . . . . . . . . . . . . . 5

     1. The Result Achieved . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     2. The Work Performed By Class Counsel . . . . . . . . . . . . . . . . 7

     3. The Contingent Nature Of The Case . . . . . . . . . . . . . . . . . . 8

     4. Percentages Awarded In Other Cases . . . . . . . . . . . . . . . . . 9

 IV.  REIMBURSEMENT OF LITIGATION EXPENSES IS APPROPRIATE . . . . 11

 V.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ     i

110271

1

<u>**TABLE OF AUTHORITIES**</u>

2
<u>**Page**</u>

3

**CASES**

4

*Abrams v. Lightolier Inc.*
   50 F.3d 1204 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5

*Alpine Pharmacy, v. Chas. Pfizer & Co.*
   481 F.2d 1045 (2d Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

6

7

*Anixter v. Home-Stake Prod. Co.*
   77 F.3d 1215 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8

*Arenson v. Board of Trade*
   372 F.Supp. 1349 (N.D. Ill. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9

10

*Axelrod v. Saks & Co.*
   1981 WL 2031 (E.D. Pa. Feb. 23, 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11

*Backman v. Polaroid Corp.*
   910 F.2d 10 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12

13

*Behrens v. Wometco Enterprises, Inc.*
   118 F.R.D. 534 (S.D. Fla. 1988) *aff'd*, 899 F.2d 21 (11th Cir. 1990) . . . . . . . . . . . . . 6

14

*Blum v. Stenson*
   465 U.S. 886 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15

16

*Boeing Co. v. Van Gemert*
   444 U.S. 472 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

17

*Bogosian v. Gulf Oil Co.*
   621 F. Supp. 27 (E.D. Pa. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18

19

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*
   8 F.3d 722 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

20

*Brown v. Pro Football, Inc.*
   839 F.Supp. 905 (D.D.C. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21

22

*Camden I Condo. Ass'n v. Dunkle*
   946 F.2d 768 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

23

*Fisher Bros. v. Mueller Brass Co.*
   630 F. Supp. 493 (E.D. Pa. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24

25

*Fisher Bros. v. Phelps Dodge Industries, Inc.*
   604 F. Supp. 446 (E.D. Pa. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26

*Gottlieb v. Barry*
   43 F.3d 474 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

27

28

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. -- MDL Docket No. C-04-1648 MJJ                    ii

110271

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Harris v. Marhoefer*
    24 F.3d 16 (9th Cir. 1994) ............................................... 11

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ..................................................... 6

*In re Activision Sec. Litigation*
    723 F. Supp. 1373 (N.D. Cal. 1989)..................................... 5

*In re Ampicillin Antitrust Litigation*
    81 F.R.D. 395 (D.D.C. 1978) ........................................... 4

*In re Art Materials Antitrust Litig.*
    100 F.R.D. 367 (N.D. Ohio 1983) ...................................... 7

*In re Corrugated Container Antitrust Litig.*
    1981 WL 2093 (S.D. Tex. June 4, 1981)
    *aff'd* 659 F.2d 1322 (5th Cir. 1981) .................................. 7

*In re Equity Funding Corp. Sec. Litigation*
    438 F.Supp. 1303 (C.D. Cal. 1977) .................................... 8

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*
    55 F.3d 768 (3d Cir. 1995) ............................................. 5

*In re Ikon Office Solutions, Inc. Secs. Litig.*
    194 F.R.D. 166 (E.D. Pa. 2000) ....................................... 10

*In re King Resources Sec. Litig.*
    420 F.Supp. 610 (D. Colo. 1976) ................................... 4, 6, 8

*In re Lorazepam & Clorazepate Antitrust Litig.*
    2003 WL 2203774 (D.D.C. June 16, 2003) ............................ 8, 11

*In re M.D.C. Holdings Secs. Litig.*
    1990 WL 454747 (S.D. Cal. 1990)...................................... 10

*In re Mid-Atlantic Toyota Antitrust Litig.*
    564 F. Supp. 1379 (D.C. Md. 1983) .................................... 7

*In re Pacific Enterprises Sec. Litig.*
    47 F.3d 373 (9th Cir. 1995) ............................................ 6

*In re Plastic Tableware Antitrust Litig.*
    1995 WL 723175 (E.D. Pa. Oct. 25, 1995) ............................... 6

*In re Sapiens Sec. Litig.*
    1996 WL 689360 (S.D.N.Y. Nov. 27, 1996) .............................. 4

*In re Shell Oil Refinery*
    155 F.R.D. 552 (E.D. La. 1993) ....................................... 10

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. -- MDL Docket No. C-04-1648 MJJ          iii

110271

### TABLE OF AUTHORITIES
### (Continued)

**Page**

*In re Shopping Carts Antitrust Litig.*
  1983 WL 1950 (S.D.N.Y. Nov. 18, 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Sumitomo Copper Litig.*
  74 F. Supp. 2d 393 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Vitamins Antitrust Litig.*
  2001 WL 34312839 (D.D.C. July 16, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*J. N Futia Co. v. Phelps Dodge Industries, Inc.*
  1982 WL 1892 (S.D.N.Y. Sept. 17, 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kirchoff v. Flynn*
  786 F.2d 320 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*McKenzie Constr., Inc. v. Maynard*
  823 F.2d 43 (3d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Miltland Raleigh-Durham v. Myers*
  840 F.Supp. 235 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Paul, Johnson, Alston & Hunt v. Graulty*
  886 F.2d 268 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Phemister v. Harcourt Brace Jovanovich, Inc.*
  1984 WL 21981 (N.D. Ill. Sept. 14, 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Robbins v. Koger Prop.*
  116 F.3d 1441 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Shaw v. Toshiba America Information Systems, Inc.*
  91 F.Supp. 2d 942 (E.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Six Mexican Workers v. Arizona Citrus Growers*
  904 F.2d 1301 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Torrisi v. Tucson Elec. Power Co.*
  8 F.3d 1370 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Vizcaino v. Microsoft Corp.*
  290 F.3d 1043 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Ward v. Succession of Freeman*
  854 F.2d 780 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ                    iv

110271

<u>**TABLE OF AUTHORITIES**</u>
**(Continued)**

**<u>Page</u>**

**STATUTES, RULES AND REGULATIONS**

Civil Local Rule 54-6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure

    Rule 23(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Rule 54(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

    Rule 54(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**OTHER AUTHORITIES**

1 Alba Conte, *Attorney Fee Awards* §1.09 (2d Ed. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1 Alba Conte, *Attorney Fee Awards* §2:18 (2d Ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Thomas E. Willging, Laurel L. Hooper, and Robert J. Niemic,
    *Empirical Study of Class Actions in Four Federal District Courts:*
    *Final Report to the Advisory Committee on Civil Rules,*
    (Federal Judicial Center 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ                     v

110271

1                               **NOTICE OF MOTION AND MOTION**

2   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3         PLEASE TAKE NOTICE that, at 9:30 a.m. on June 21, 2005, the Class Plaintiffs[1] will,

4   and hereby do, move before the Hon. Martin J. Jenkins, United States District Judge, at the

5   United States Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco,

6   California for an interim award of attorneys' fees in the amount of $4,625,000, 25% of any

7   subsequent money deposited into the Settlement Fund by the Flexsys Defendants pursuant to the

8   Settlement Agreement, the reimbursement of $692,532.57 in litigation expenses, and interest on

9   those amounts at the same rate earned by the Settlement Fund from the date the Settlement Fund

10   was deposited to the date paid.

11         This motion is made pursuant to the Court's Order Granting Preliminary Approval Of

12   Proposed Settlement With The Flexsys Defendants (entered March 7, 2005); Rules 23(h), 54(b),

13   and 54(d)(2) of the Federal Rules of Civil Procedure; and Civil Local Rule 54-6.

14         This motion is made on the grounds that: (a) Class Counsel are entitled to a reasonable fee

15   for creating a common fund for the benefit of the Flexsys Settlement Class; (b) the requested fee

16   is reasonable and consistent with the benchmark set by the Ninth Circuit; and (c) the expenses for

17   which reimbursement is sought were reasonable and necessarily incurred in connection with this

18   action.

19         This motion is based on the following memorandum of points and authorities; the

20   Declaration Of Steven O. Sidener In Support Of The Class Plaintiffs' Motion For An Interim

21   Award Of Attorneys' Fees And Reimbursement Of Expenses (filed concurrently herewith)

22   ("Sidener Decl."); the Declarations of Steven O. Sidener, Richard A. Koffman, Steven A. Kanner,

23   H. Laddie Montague, Jr., Susan G. Kupfer, Guido Saveri, Anthony J. Bolognese, Jason S.

24   Hartley, Howard J. Sedran, W. Joseph Bruckner and Michael P. Lehmann In Support Of

25   Application For Attorneys' Fees And Reimbursement Of Expenses filed on behalf of their

26

27         [1] Unless otherwise specified, all capitalized terms have the same meanings as those used

28   in the Settlement Agreement dated as of January 13, 2005 ("Settlement Agreement").

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC. ~ MDL Docket No. C-04-1648 MJJ           1

110271

1 | respective law firms; the Settlement Agreement; all pleadings and papers filed in this action; and
2 | any additional evidence or argument presented at the June 21, 2005, hearing.

3 | **MEMORANDUM OF POINTS AND AUTHORITIES**

4 | **I.    INTRODUCTION**

5 |     The Flexsys Settlement Class has obtained a substantial recovery through the settlement of
6 | their claims against the Flexsys Defendants.  Class Counsel have vigorously litigated their claims,
7 | aiming to maximizing the recovery to the Flexsys Settlement Class.  Since the commencement of
8 | the case, Class Counsel have not been compensated for their efforts on behalf of the Flexsys
9 | Settlement Class.  Accordingly, they are making this request for an award of attorneys' fees and
10 | the reimbursement of litigation expenses from the Settlement Fund.

11 |     The settlement with the Flexsys Defendants represents an excellent recovery.  The
12 | immediate cash payment of $18,500,000 equals approximately 4% of the Flexsys Defendants'
13 | rubber chemicals sales to the Class in the United States during the Class Period.  This compares
14 | very favorably to settlements approved in other antitrust cases.  Furthermore, the settlement
15 | amount will increase if the Flexsys Defendants pay more or have paid more (in relative terms) to
16 | resolve the individual claims of three of their largest customers.  The settlement also requires the
17 | Flexsys Defendants to cooperate with the Class Plaintiffs in their prosecution of claims against the
18 | non-settling Defendants.

19 |     Based on the results obtained for the Flexsys Settlement Class, Class Counsel request an
20 | award of: (a) interim attorneys' fees in the amount of $4,625,000, which equals 25% of the
21 | Settlement Fund created by the settlement with the Flexsys Defendants, plus 25% of any
22 | additional money subsequently paid by the Flexsys Defendants pursuant to the Settlement
23 | Agreement; (b) $692,523.57 to reimburse Class Counsel for the reasonable and necessary
24 | litigation costs which they have incurred; and (c) interest on the attorneys' fees and expense
25 | reimbursement at the same rate being earned by the Settlement Fund.

26 | **II.    FACTUAL AND PROCEDURAL BACKGROUND**

27 |     The first complaint in this action was filed in the United States District Court for the
28 | Northern District of California on April 8, 2003.  That case and several subsequently filed cases

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ                    2

110271

1   were consolidated and a Consolidated Amended Complaint was filed on November 3, 2003.  On

2   March 16, 2005, the Court entered a stipulated order authorizing the filing of Class Plaintiffs'

3   Second Amended Consolidated Complaint ("Complaint").

4          This action has been actively litigated and vigorously contested by the parties.  The case is

5   currently in the discovery phase.  Class Counsel have examined hundreds of thousands of

6   documents produced by the Defendants.  These documents included, among other things, data

7   regarding the Defendants' sales and pricing.  The Class Plaintiffs have deposed the Defendants on

8   various topics, including their electronic data, the revenue earned from selling Rubber Chemicals,

9   and the specific Rubber Chemicals produced by each company.  Presently pending before the

10  Court is the Class Plaintiffs' motion for class certification.  The Class Plaintiffs appeared for

11  deposition in connection with that motion and retained an expert economist to analyze the

12  Defendants' data and the market for Rubber Chemicals.

13         In a settlement agreement dated as of January 13, 2005, the Class Plaintiffs reached a

14  proposed settlement of this action with the Flexsys Defendants.  The settlement calls for the

15  Flexsys Defendants to pay $18,500,000, which they have already deposited into an escrow

16  account.  The settlement amount was based, in part, on the Flexsys Defendants' representation

17  that certain companies (The Goodyear Tire & Rubber Company, Bridgestone Corporation, and

18  Michelin North America, Inc.) had already settled or were in the process of resolving their claims

19  with the Flexsys Defendants separately.  According to the Flexsys Defendants, these companies

20  accounted for more than 55% of Flexsys sales of Rubber Chemicals in the United States during

21  the Class Period.  Thus, the recovery obtained through the settlement -- which will benefit the

22  Flexsys Defendants' other customers -- is comparable to an overall recovery of approximately

23  $41,000,000, had there been no separately negotiated settlements.  The settlement further

24  provides that if the recovery obtained by three customers entering into separate settlements is

25  larger (in relative terms) than that for the Flexsys Settlement Class, the Flexsys Defendants will

26  pay an additional amount to the Flexsys Settlement Class to make the settlements comparable.

27         The settlement also requires that the Flexsys Defendants cooperate extensively with Class

28  Counsel in their continued litigation against the other Defendants.  Among other things, the

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. -- MDL Docket No. C-04-1648 MJJ          3

110271

1 cooperation agreement provides that the Flexsys Defendants will assist Class Counsel in obtaining

2 evidence, making available people believed to have knowledge of the alleged antitrust violations,

3 and giving Class Counsel any previously unproduced documents provided to any government

4 investigatory agency or commission regarding the alleged antitrust violations.

5       The Court granted preliminary approval of the settlement with the Flexsys Defendants by

6 Order entered on March 7, 2005. Pursuant to the preliminary approval Order, Class Counsel

7 mailed and published notices of the Flexsys settlement and the June 21, 2005, fairness hearing to

8 the Flexsys Settlement Class. The notices stated that Class Counsel would seek attorneys' fees of

9 up to 25% of the Settlement Fund and the reimbursement of litigation expenses of up to

10 $800,000. As of the date this motion is filed, no objections to either the attorneys' fees or

11 expenses have been received by Class Counsel.[2]

12 **III.**    **ARGUMENT**

13     **A.**    **An Interim Fee Award Is Warranted**

14       The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a

15 common fund for the benefit of persons other than himself or his client is entitled to a reasonable

16 attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

17 Here, Class Counsel have obtained, among other things, a cash Settlement Fund of $18,500,000

18 for the benefit of the Flexsys Settlement Class. The settlement resulted from over two years of

19 vigorous litigation, during which time Class Counsel received no compensation. Accordingly,

20 Class Counsel are making this motion for an interim fee award based on the recovery obtained

21 from the Flexsys Defendants. *See*, 1 Alba Conte, *Attorney Fee Awards* §2.18 (2d Ed. 2004)

22 ("The most common use of an interim fee award occurs when there has been a partial case

23 settlement usually with fewer than all the named defendants, resulting in a common fund for the

24 benefit of the class."); *see also, In re Sapiens Sec. Litig.*, 1996 WL 689360 at *8 (S.D.N.Y. Nov.

25 27, 1996) (awarding interim fees and costs following partial settlement); *In re Ampicillin*

26 *Antitrust Litigation*, 81 F.R.D. 395, 407 (D.D.C. 1978) (same); *In re King Resources Sec. Litig.*,

27 ───────────────────

28     [2] The Order Granting Preliminary Approval of the Settlement provides that objections regarding attorneys' fees or expenses must be made by May 23, 2005.

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ    4

110271

1 | 420 F.Supp. 610, 640 (D. Colo. 1976) (same); *Bogosian v. Gulf Oil Co.*, 621 F. Supp. 27, 29

2 | (E.D. Pa. 1985) (referencing earlier interim award of fees and costs following partial settlement).

3 |      Once the Court enters a final judgment pursuant to Rule 54(b) of the Federal Rules of

4 | Civil Procedure, the claims against the Flexsys Defendants will be dismissed forever with

5 | prejudice. Thus, there is no reason to delay awarding Class Counsel the attorneys' fees to which

6 | they are entitled based on the successful outcome they have obtained from the Flexsys

7 | Defendants.

8 |      **B.**     **A 25% Fee Award Is Fair And Appropriate**

9 |      The amount of attorneys' fees is usually determined by awarding Class Counsel a

10 | percentage of the settlement proceeds obtained for the class. *See, e.g., Six Mexican Workers v.*

11 | *Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("a reasonable fee under the

12 | common fund doctrine is calculated as a percentage of the recovery").[3] Indeed, "[s]everal courts

13 | have observed that, while the Supreme Court has never explicitly addressed this issue, it has in

14 | fact always awarded fees in common fund cases on a percentage of the fund basis." *Gottlieb v.*

15 | *Barry*, 43 F.3d 474, 483 (10th Cir. 1994) (citing cases).

16 |      The percentage method aligns the interests of class counsel and the class by rewarding

17 | exceptional success and penalizing inefficiency or lackluster results. *Kirchoff v. Flynn*, 786 F.2d

18 | 320, 326 (7th Cir. 1986). This method is consistent with contingent fee arrangements in non-class

19 | litigation, where attorneys customarily receive a percentage of the amount recovered. The

20 | percentage method also eliminates the need for the court to undertake a lengthy and detailed fee

21 | analysis, thereby delaying distribution of the settlement proceeds to the class. *In re Activision*

22 | *Sec. Litigation*, 723 F. Supp. 1373 (N.D. Cal. 1989).

23 |

24 |     [3] *See also, Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) (percentage
25 | method mandatory in common fund cases); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 397 (S.D.N.Y. 1999) (describing "ground swell of support" for percentage-of-the-fund approach
26 | and reviewing case law in eight circuits); *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821-22 (3d Cir. 1995) (in common fund cases, "a district judge
27 | can award attorneys' fees as a percentage of the fund recovered," which has ranged from 19-45% in prior cases); *Gottlieb*, 43 F.3d at 484 (fee award should be calculated using the percentage
28 | method).

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ     5

110271

1   The Ninth Circuit has established 25% as the benchmark percentage for fee awards in
2   common fund cases. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.
3   1989); *see also, Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993); *In re*
4   *Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995). Here, a number of factors
5   demonstrate why a 25% fee award is fair and reasonable:

6                              **1.    The Result Achieved**

7   The result obtained by class counsel is a significant consideration in making a fee award.
8   *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success
9   obtained"); *King Resources*, 420 F. Supp. 610 at 630 ("the amount of the recovery, and end result
10  achieved are of primary importance, for these are the true benefit to the client"); *Behrens v.*
11  *Wometco Enterprises, Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988) *aff'd*, 899 F.2d 21 (11th
12  Cir. 1990) ("The quality of work performed in a case that settles before trial is best measured by
13  the benefit obtained.").

14  Class Counsel have obtained an excellent recovery through the settlement with the Flexsys
15  Defendants. The $18,500,000 cash component is equal to approximately 4% of the Flexsys
16  Defendants' Rubber Chemicals sales during the Class Period. This compares very favorably to the
17  recoveries obtained in other antitrust actions. *See, e.g., In re Plastic Tableware Antitrust Litig.*,
18  1995 WL 723175 at *1 (E.D. Pa. Oct. 25, 1995) (recovery equal to 3.5% of defendant's total
19  sales); *In re Shopping Carts Antitrust Litig.*, 1983 WL 1950 at *9 (S.D.N.Y. Nov. 18, 1983)
20  (recovery equal to 3% of defendant's total sales); *Fisher Bros. v. Phelps Dodge Industries, Inc.*,
21  604 F. Supp. 446, 451 (E.D. Pa. 1985) (recovery equal to 2.4% of defendant's total sales); *Fisher*
22  *Bros. v. Mueller Brass Co.*, 630 F. Supp. 493, 499 (E.D. Pa. 1985) (finding recovery of .2%
23  comparable to recoveries of .1%, .3%, .65%, .88%, and 2.4% of defendants' total sales); *Axelrod*
24  *v. Saks & Co.*, 1981 WL 2031 at *1 (E.D. Pa. Feb. 23, 1981) (recovery equal to 3.7% of
25  defendant's total sales).

26  Furthermore, as discussed above, the Settlement Agreement contains a "most favored
27  nation" provision. It requires that this settlement is, at a minimum, comparable to certain
28  individually negotiated settlements by the Flexsys Defendants' customers. Should the Flexsys

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ                6

1 Defendants enter into a larger settlement (in relative terms) with any of its specified Rubber

2 Chemicals customers, they are required to increase the amount paid to the Flexsys Settlement

3 Class to make the settlements commensurate.

4       The settlement also includes a substantial non-cash component. The Flexsys Defendants

5 are obligated to cooperate with Class Counsel in their prosecution of claims against the non-

6 settling Defendants. This cooperation agreement is a valuable benefit to the Flexsys Settlement

7 Class because it will save time, reduce costs, and provide access to information and documents to

8 which the Class Plaintiffs might not otherwise have had access. *In re Mid-Atlantic Toyota*

9 *Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D.C. Md. 1983) (". . . the commitment [the]

10 Distributor defendants have made to cooperate with plaintiffs will certainly benefit the classes, and

11 is an appropriate factor for a court to consider in approving a settlement"); *In re Corrugated*

12 *Container Antitrust Litig.*, 1981 WL 2093 at *16 (S.D. Tex. June 4, 1981) *aff'd* 659 F.2d 1322,

13 1329 (5th Cir. 1981) ("The settlement agreements provided for cooperation from the settling

14 defendants that constituted a substantial benefit to the class. Those provisions were intended to

15 save plaintiffs time and expense in the continuing litigation . . . [and] made certain information and

16 expertise available to the class which might not have been available through normal discovery").

17 Considering this non-cash component of the settlement into the fee award analysis is important.

18                    **2.    The Work Performed By Class Counsel**

19       Antitrust price-fixing conspiracy cases are notoriously complex and difficult to litigate.

20 *See, e.g., In re Art Materials Antitrust Litig.*, 100 F.R.D. 367, 372 (N.D. Ohio 1983) ("plaintiffs

21 would face a very complex, difficult and costly trial on the merits, pursuant to which success

22 could not be guaranteed."). The successful prosecution of such a claim requires skilled attorneys

23 and substantial resources dedicated to the case. From the outset, Class Counsel was determined

24 to litigate this action vigorously and skillfully, with an eye toward maximizing any recovery for

25 the benefit of the Flexsys Settlement Class. They have drafted two consolidated complaints and

26 conducted an extensive factual investigation, which included several witness interviews and

27 analysis of hundreds of thousands of documents. The settlement negotiations were hard-fought

28 and continued over a protracted period. As a result of Class Counsel's skills, diligence, and

110271

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ                    7

1 resources, a large Settlement Fund has been obtained for the Flexsys Settlement Class. The

2 quality of the Class Counsel's work, and the efficiency and dedication with which it was

3 performed, should be rewarded. *See, e.g., J. N Futia Co. v. Phelps Dodge Industries, Inc.*, 1982

4 WL 1892 (S.D.N.Y. Sept. 17, 1982).

5       The caliber of opposing counsel is also relevant. *See, e.g., In re Equity Funding Corp.*

6 *Sec. Litigation*, 438 F.Supp. 1303, 1337 (C.D. Cal. 1977); *King Resources*, 420 F.Supp. at 634;

7 *Arenson v. Board of Trade*, 372 F.Supp. 1349, 1354 (N.D. Ill. 1974). Class Counsel were

8 opposed by skilled and respected counsel who had significant resources with which to represent

9 the Flexsys Defendants' interests. Despite facing such worthy adversaries, Class Counsel obtained

10 an excellent result for the Flexsys Settlement Class which further supports an award of a 25% fee.

11            **3.**    **The Contingent Nature Of The Case**

12       A fair fee award should reflect the risk undertaken by Class Counsel by litigating an action

13 on a contingent fee basis, with no assurance that they would ever receive attorneys' fees or the

14 reimbursement of expenses. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th

15 Cir. 2002) (approving an award of 28% of the recovery). As one respected commentator has

16 noted:

17         [C]ourts have been careful to award a fully compensable reasonable
        fee based on the underlying economic inducement for class action

18         lawyers to pursue potentially expensive or complex common fund
        class litigation. These lawyers assume the risk of no compensation

19         unless they successfully confer common fund benefits on the class,
        based on their reasonable expectation that they will share in the

20         recovery in a fair proportion, in contrast to receiving a fee based
        initially on time-expended criteria that fail to give the **results**

21         **obtained** factor primary consideration.

22 1 Alba Conte, *Attorney Fee Awards* §1.09 at 16 (2d Ed. 1993) (footnote omitted) (emphasis in

23 original). Fee awards in successful actions must be sufficient to encourage the most skilled and

24 determined counsel to take on these difficult cases and see them through to completion, which

25 could take years. *See, e.g., In re Vitamins Antitrust Litig.*, 2001 WL 34312839 *11 (D.D.C. July

26 16, 2001); *In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 WL 2203774 at *7 (D.D.C.

27 June 16, 2003).

28 //

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ        8

110271

1    This action was not one in which a recovery – let alone a good recovery – was assured.
2  From the outset, Class Counsel understood that they would be involved in complex, expensive,
3  and lengthy litigation.  There was no guarantee they would be compensated for the significant
4  time, money, and effort invested to prosecute the case to a successful conclusion.  Class Counsel
5  were obligated to commit sufficient staffing and funding for the case, both of which were
6  considerable.  There was also a real risk that, despite the best efforts of Class Counsel, a recovery
7  for the Flexsys Settlement Class would not be obtained.  To establish a price-fixing violation, a
8  plaintiff must demonstrate not only that a conspiracy existed, but that the conspiracy caused an
9  antitrust impact and damages measurable by reference to prices that would have existed "but for"
10  the conspiracy.  Moreover, even if a plaintiff successfully navigates through the pre-trial
11  proceedings and obtains a jury verdict at trial, it still faces the prospect of the judgment being
12  overturned on appeal.  *See e.g., Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996)
13  (overturning plaintiffs' verdict obtained after two decades of litigation); *Backman v. Polaroid*
14  *Corp.*, 910 F.2d 10 (1st Cir. 1990) (*en banc*) (reversing plaintiffs' verdict and ordering entry of
15  judgment for defendants); *Ward v. Succession of Freeman*, 854 F.2d 780 (5th Cir. 1988)
16  (reversing plaintiffs' jury verdict); *Robbins v. Koger Prop.*, 116 F.3d 1441 (11th Cir. 1997)
17  (same).
18    Despite these risks, Class Counsel committed themselves to this litigation and obtained a
19  substantial settlement.  The risk undertaken by Class Counsel should be reflected in the fee award.
20    **4.    Percentages Awarded In Other Cases**
21    A 25% fee is consistent with (and in many cases lower than) fees awarded in other
22  contingent fee cases.  In *Vizcaino*, 290 F.3d 1043, the Ninth Circuit surveyed fee awards from
23  almost three dozen large, common fund settlements, including many in which fees of 20-30%
24  were awarded.  Based on this analysis, the court affirmed the district court's award of a 28% fee
25  as being "reasonable under the percentage method." *Id.* at 1050; *see also, Shaw v. Toshiba*
26  *America Information Systems, Inc.*, 91 F.Supp. 2d 942, 972 (E.D. Tex. 2000) ("[B]ased on the
27  opinions of other courts and the available studies of class action attorneys' fee awards . . . this
28  Court concludes that attorneys' fees in the range from twenty-five percent (25%) to thirty-three

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ          9

110271

1  and thirty-four one-hundredths percent (33.34%) have been routinely awarded in class actions.

2  Empirical studies show that, regardless whether the percentage method or the lodestar method is

3  used, fee awards in class actions average around one-third of the recovery."); Thomas E.

4  Willging, Laurel L. Hooper, and Robert J. Niemic, *Empirical Study of Class Actions in Four*

5  *Federal District Courts: Final Report to the Advisory Committee on Civil Rules,* at 69 (Federal

6  Judicial Center 1996) (1996 study found that the median percentage for attorneys' fees "ranged

7  from 27% to 30%").

8        The fees paid in contingent fee non-class lawsuits are also pertinent.  Such cases

9  customarily provide for fees equal to 30-40% of the recovery.  *Blum v. Stenson*, 465 U.S. 886,

10  903 fn. 20 (1984) (Brennan, J., concurring in part and dissenting in part) ("In tort suits, an

11  attorney might receive one-third of whatever amount the plaintiff recovers.  In those cases,

12  therefore, the fee is directly proportional to the recovery."); *In re M.D.C. Holdings Secs. Litig.*,

13  1990 WL 454747 at *7 (S.D. Cal. 1990) ("In private contingent litigation, fee contracts have

14  traditionally ranged between 30% and 40% of the total recovery."); *Phemister v. Harcourt Brace*

15  *Jovanovich, Inc.*, 1984 WL 21981 at *15 (N.D. Ill. Sept. 14. 1984) ("Contingent fee

16  arrangements in non-class action damage lawsuits use the simple method of paying the attorney a

17  percentage of what is recovered for the client.  The more the recovery, the more the fee.  The

18  percentages agreed on vary, with one-third being particularly common."); *Kirchoff*, 786 F.2d at

19  323 (40% contractual award if case went to trial); *Alpine Pharmacy, v. Chas. Pfizer & Co.*, 481

20  F.2d 1045, 1051 (2d Cir. 1973) (32% fee recovery for settlement before trial); *McKenzie Constr.*,

21  *Inc. v. Maynard*, 823 F.2d 43 (3d Cir. 1987) (a 33-1/3% contingent fee held reasonable); *In re*

22  *Ikon Office Solutions, Inc. Secs. Litig.*, 194 F.R.D. 166, 194-97 (E.D. Pa. 2000) ("in private

23  contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate

24  agreements providing for between thirty and forty percent of any recovery"); *In re Shell Oil*

25  *Refinery*, 155 F.R.D. 552, 572 (E.D. La. 1993) ("The customary contingency fee is between 33-

26  1/3% and 40%").

27        Accordingly, a 25% fee is fair when compared to fees awarded in other class and non-class

28  contingent fee cases.  This factor weighs in favor of approving Class Counsel's fee request.

1    For all of the foregoing reasons, Class Counsel attorneys' fees request equal to 25% of the

2 Settlement Fund should be granted.

3 **IV.    REIMBURSEMENT OF LITIGATION EXPENSES IS APPROPRIATE**

4    Class Counsel are entitled to the reimbursement of reasonable litigation expenses from the

5 Settlement Fund.  *In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 WL 2203774 at *305;

6 *Brown v. Pro Football, Inc.*, 839 F.Supp. 905, 916 (D.D.C. 1993) ("Plaintiffs' out-of-pocket

7 costs for telephone, telecopier, air and local couriers, postage, photocopying, Westlaw research,

8 secretarial overtime, and counsels' travel expenses are routinely billed to fee-paying clients, and

9 thus are all compensable as part of a reasonable attorney's fee"); *Harris v. Marhoefer*, 24 F.3d

10 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-

11 pocket expenses that 'would normally be charged to a fee paying client'.") (citation omitted);

12 *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses

13 that would be billed to a paying client are reimbursable); *Abrams v. Lightolier Inc.*, 50 F.3d 1204,

14 1225 (3d Cir. 1995) (same); *Miltland Raleigh-Durham v. Myers*, 840 F.Supp. 235, 239

15 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses

16 incurred and customarily charged to their clients, as long as they 'were incidental and necessary to

17 the representation' of those clients.").

18    From inception of this action through April 30, 2005, Class Counsel have incurred

19 litigation expenses of $692,523.57.  Sidener Decl., ¶6.  These expenses were necessary to the

20 litigation of this action and included the cost for computer research, service of process,

21 photocopies, courier services, expert fees, travel expenses, contributions to a common litigation

22 fund, and other typical litigation expenses.  The expenses represent those that would ordinarily be

23 billed to a client.  The notice provided to Flexsys Settlement Class Members stated that Class

24 Counsel would seek reimbursement of up to $800,000 in litigation expenses.  Accordingly,

25 reimbursing Class Counsel for their litigation expenses they have incurred is appropriate.

26 //

27 //

28 //

CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN INTERIM AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, ETC. – MDL Docket No. C-04-1648 MJJ     11

110271

## V.   CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court award Class Counsel interim attorneys' fees, costs and interest thereon.

A proposed form of Order is submitted herewith.

Dated: May 9, 2005                                    GOLD BENNETT CERA & SIDENER LLP


By: _____
                                                                   Steven O. Sidener

COHEN MILSTEIN HAUSFELD
    & TOLL, P.L.L.C.
Michael D. Hausfeld
Richard A. Koffman
Michael W. Byrne
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone: (202) 408-4600
Facsimile (202) 408-4699

- and -

Linda P. Nussbaum
150 East 52nd Street, 30th Floor
New York, N.Y.  10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

Co-Chairs of Plaintiffs' Executive Committee

110271