# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EXHIBIT 1

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 (MJJ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING ON SETTLEMENT APPROVAL, PLAN OF ALLOCATION, AND REQUEST FOR ATTORNEYS' FEES**

**TO: ALL PERSONS (EXCLUDING GOVERNMENT ENTITIES) WHICH PURCHASED RUBBER CHEMICALS AND/OR MISCELLANEOUS INCLUDED CHEMICALS IN THE UNITED STATES, INCLUDING PURCHASES FOR DELIVERY IN THE UNITED STATES, DIRECTLY FROM ANY OF THE DEFENDANTS AT ANY TIME DURING THE PERIOD FROM MAY 1, 1995 THROUGH DECEMBER 31, 2001.**

Please read this Notice carefully. Your rights may be affected by this settlement. If you are a member of the Flexsys Settlement Class (as defined below), you may be entitled to a portion of the settlement fund. To participate, you must submit a Proof of Claim form postmarked **no later than July 15, 2005**.

This Notice has been sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for Northern District of California (the "Court"). Its purpose is to inform you of the pending class action lawsuit (the "Action") and the proposed partial settlement of the Action with defendants Flexsys N.V., Flexsys America L.P., Akzo Nobel Chemicals International B.V. and Akzo Nobel Chemicals, Inc. (the "Flexsys Defendants"). To resolve the claims against them, the Flexsys Defendants have agreed to pay eighteen million, five hundred thousand dollars ($18,500,000) and to cooperate in the prosecution of claims against the Non-Settling Defendants.

If you are a member of the Flexsys Settlement Class, you have the right to share in the settlement fund by submitting a Proof of Claim form, object to the proposed settlement, and/or enter an appearance through your own counsel at your own expense. You also have the right to exclude yourself from the Flexsys Settlement Class, in which case you will **not** be entitled to share in the settlement fund, object to the proposed settlement, or enter an appearance in the Action.

**DEFINITIONS**

1. "Class Counsel" means the law firms of Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105; and Cohen, Milstein, Hausfeld & Toll, P.L.L.C., 1100 New York Avenue, N.W., Washington, D.C. 20005.

2. "Class Period" means May 1, 1995 through December 31, 2001.

3. "Class Plaintiffs" means the named plaintiffs in the Consolidated Class Actions.

4. "Flexsys Settlement Class" means all persons (excluding governmental entities, Defendants, and the present and former parents, predecessors, subsidiaries and affiliates of the foregoing) which purchased Rubber Chemicals and/or Miscellaneous Included Chemicals in the United States directly from any of the Defendants, or any of their respective present or former parents, subsidiaries or affiliates, at any time during the period from May 1, 1995 through December 31, 2001.

5. "Flexsys Settlement Class Member" means any person falling within the definition of the Flexsys Settlement Class that does not timely and validly exclude itself from the Flexsys Settlement Class in accordance with the procedure established by the Court, or timely withdraws its timely and valid request for exclusion.

6. "Miscellaneous Included Chemicals" means waxes, blowing agents, vulcanization retardants, pre-vulcanization inhibitors, polymerization regulators, shortstops, peptizing agents, post vulcanization stabilizers and anti-reversion agents, and treated cellulose reinforcement materials used in the processing and/or protection of rubber. Miscellaneous Included Chemicals do not include Crystex or other insoluble sulfur products.

7. "Non-Settling Defendants" means Bayer A.G., Bayer Corporation, Rhein Chemie Rheinau GmbH, Rhein Chemie Corporation, Crompton Corporation, and Uniroyal Chemical Company, Inc.

8. "Released Claims" means all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including without limitation costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, which Releasors or any of them, whether directly, representatively, derivatively or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct prior to the date of this settlement concerning the purchase, sale or pricing of Rubber Chemicals or Miscellaneous Included Chemicals or relating to any conduct alleged in the Consolidated Amended Complaint including, without limitation, any such claims that have been asserted or could have been asserted in that Complaint against the Releasees or any of them. Upon Final Approval, each Flexsys Settlement Class Member expressly agrees that it

waives and releases with respect to Released Claims, to the fullest extent permitted by law, any and all provisions, rights and benefits, conferred by (a) §1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor

and (b) any similar state, federal, or other law, rule or regulation or principle of common law. Each Releasor may hereafter discover facts other than or different from those that Releasor knows or believes to be true with respect to the subject matter of the Released Claims, but each Releasor hereby expressly agrees that, upon Final Approval, it shall have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other or different facts. However, this release shall not affect the rights of Releasors or any of them (i) to seek damages or other relief from any person with respect to any Rubber Chemicals or Miscellaneous Included Chemicals purchased directly from the manufacturer (or any subsidiary or affiliate thereof) outside the United States for delivery to a destination outside the United States, (ii) to participate in or benefit from any relief or other recovery as part of a settlement or judgment on behalf of a class of indirect purchasers of Rubber Chemicals or Miscellaneous Included Chemicals, or (iii) to participate in or benefit from any relief or recovery as part of a judgment or settlement in the Consolidated Class Actions against Bayer or Crompton or any other party named as a defendant (other than a Releasee) or (iv) to assert any product liability or breach of contract claims which are not dependent on proof of anticompetitive conduct.

9. "Releasees" means Flexsys N.V., Flexsys America L.P., Akzo Nobel Chemicals International B.V., Solutia Inc., Akzo Nobel Chemicals, Inc., Flexsys Rubber Chemicals Ltd., their respective direct and indirect parents (including without limitation Akzo Nobel N.V., Monsanto Company, and Flexsys Holding B.V.), subsidiaries, members, general and limited partners and affiliates, the present and former officers, directors, members of any supervisory board or board of management, general and limited partners, employees, agents, and legal representatives of each of the foregoing, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

10. "Releasors" means each Flexsys Settlement Class Member on its own behalf and on behalf of its respective direct and indirect parents, subsidiaries, members, general and limited partners and affiliates, the present and former officers, directors, general and limited partners, employees, agents, and legal representatives of each of the foregoing, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.

11. "Rubber Chemicals" means accelerators (primary accelerators, secondary or ultra accelerators, activators and vulcanizing agents, including without limitation sulfenamides, sulfenimides, thiazoles, dithiocarbamates, thiurams, xanthates, sulfides, disulfides, aldehyde amines, guanidines and dithiophosphates); and antioxidants and antiozonants (including without limitation para-phenylenediamines, para-phenylenediamine blends, quinolines, hydroquinones, hindered phenols, and diphenylamines). Rubber Chemicals do not include Crystex or other insoluble sulfur products.

## SUMMARY OF THE ACTION

12. The first complaint in this Action was filed in the United States District Court for the Northern District of California on April 8, 2003. That case and several subsequently filed cases were consolidated and a Consolidated Amended Complaint was filed on November 3, 2003 (the "Complaint"). The Complaint alleges that defendants conspired to fix or maintain the prices of, and/or allocate markets for, rubber chemicals sold in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. §1. The Complaint alleges that, as a result of this conspiracy, members of the Flexsys Settlement Class paid more for rubber chemicals than they otherwise would have and, thus, were injured.

13. This Action has been vigorously litigated by the Class Plaintiffs. Class Counsel has analyzed hundreds of thousands of documents produced by the defendants. Class Counsel has also conducted an independent investigation of the facts and analyzed the sales and pricing data produced by the defendants. The Class Plaintiffs have also deposed the defendants on various topics, including the defendants' electronic data, profits earned from selling Rubber Chemicals and Miscellaneous Included Chemicals, how prices were set for Rubber Chemicals and Miscellaneous Included Chemicals, and the specific Rubber Chemicals and Miscellaneous Included Chemicals produced by each company.

14. Presently pending before the Court is the Class Plaintiffs' motion for class certification. The Class Plaintiffs appeared for deposition in connection with that motion. The Class Plaintiffs have retained an expert economist to analyze the data, and the economist's detailed written report has been submitted to the Court.

## THE PROPOSED SETTLEMENT WITH THE FLEXSYS DEFENDANTS

15. On behalf of the Flexsys Settlement Class, the Class Plaintiffs entered into a settlement with the Flexsys Defendants, subject to Court approval and subject to the provision described in the next paragraph. The Flexsys Defendants will pay, at least, eighteen million five hundred thousand dollars ($18,500,000), which they have already deposited into an escrow account, and will cooperate with Class Counsel in their continued litigation against the Non-Settling Defendants. In addition, if the Flexsys Defendants settle the claim of Goodyear, Bridgestone or Michelin, which have negotiated separately with the Flexsys Defendants and will exclude themselves from this settlement, and the amount is larger (in relative terms) than that obtained through this settlement, the Flexsys Defendants will pay an additional amount to the Flexsys Settlement Class to make the settlements comparable. The Flexsys Defendants also have agreed to pay up to $250,000 to cover costs reasonably and actually incurred in

connection with providing notice of the Flexsys Settlement to members of the Flexsys Settlement Class. In exchange, the Flexsys Defendants and the other Releasees will be released from all claims asserted against them on behalf of the Flexsys Settlement Class for alleged price fixing of Rubber Chemicals and Miscellaneous Included Chemicals in the United States at any time prior to the settlement. The lawsuit will proceed against the Non-Settling Defendants.

16. The settlement can be terminated by the Flexsys Defendants on the date the Settlement Hearing is held if members of the Flexsys Settlement Class accounting in the aggregate for purchases of Rubber Chemicals and Miscellaneous Included Chemicals from the Flexsys Defendants in the United States during the Class Period of more than the amount specified in a letter agreement between Class Counsel and counsel for the Flexsys Defendants, have excluded themselves from the Flexsys Settlement Class at that time. Purchases made by Goodyear, Bridgestone and Michelin, and by another company which settled with the Flexsys Defendants before the Flexsys Settlement was negotiated with Class Counsel, will not be considered for purposes of determining whether the Flexsys Defendants have the right to terminate the Flexsys Settlement.

17. The cooperation agreement requires that the Flexsys Defendants assist Class Counsel in obtaining evidence related to the Class Plaintiffs' claims regarding the purchase, sale, and/or pricing of Rubber Chemicals and Miscellaneous Included Chemicals in the United States. The Flexsys Defendants have agreed to allow Class Counsel to confer with their counsel and to make available directors, officers, and employees believed to have knowledge of the alleged antitrust violations. The cooperation agreement further provides that the Flexsys Defendants will produce at trial and/or deposition, or through acceptable affidavits or declarations, representatives qualified to establish for admission into evidence data reflecting their sales of Rubber Chemicals and Miscellaneous Included Chemicals during the Class Period and documents produced by the Flexsys Defendants. In addition, the Flexsys Defendants will accept service of subpoenas from Class Counsel issued pursuant to Rule 45 of the Federal Rules of Civil Procedure.

18. While the Class Plaintiffs believe they have meritorious claims against the Flexsys Defendants, and the Flexsys Defendants deny any involvement in the alleged wrongdoing, the parties entered into the settlement because it will eliminate the burden, expense and risk of further litigation. Class Counsel have determined that settling the claim against the Flexsys Defendants is in the best interest of the Flexsys Settlement Class. The settlement provides an immediate and substantial cash benefit to the Flexsys Settlement Class Members and avoids the risk that liability or damages might not be proven at trial. Not only will the Flexsys Settlement Class Members receive compensation for their claims against the Flexsys Defendants, they will have the benefit of the Flexsys Defendants' cooperation in litigating claims against Non-Settling Defendants. No determination has been made by the Court as to liability or the amount, if any, of damages suffered by the Flexsys Settlement Class.

## YOUR OPTIONS

19. If you are a member of the Flexsys Settlement Class, and the settlement is granted final approval, you will automatically remain in the Flexsys Settlement Class unless: (a) you elect to be excluded; or (b) you have previously settled a claim with the Flexsys Defendants concerning the antitrust claims asserted in this litigation. You will be bound by the judgment or other final disposition of this Action as to the Flexsys Defendants and the other Releasees. Your interests will be represented by the Class Plaintiffs and Class Counsel although, at your own expense, you may have your own attorney appear on your behalf. You may, but are not required to, appear at the hearing at which the Court will decide whether to grant final approval to the settlement and the plan of allocation, and whether to grant Class Counsel's request for attorneys' fees and reimbursement of expenses. Attorneys' fees and expenses will be paid from the settlement proceeds.

20. If you remain in the Flexsys Settlement Class but fail to file a timely and properly addressed Proof of Claim form, your claim may be rejected and you may be precluded from any recovery from the Flexsys Defendants, although you still will be bound by the judgment or other final disposition entered by the Court.

21. To exclude yourself from the Flexsys Settlement Class, you must submit a written request which includes the full name and address of the purchaser (including any predecessor entities, as well as any subsidiaries or affiliates that are intended to be excluded) and your address. If you exclude yourself from this settlement, you will not be bound by any decision in this lawsuit relating to the Flexsys settlement and you can independently, at your own expense, pursue any claims you may have against the Flexsys Defendants. However, you will not receive a portion of the settlement proceeds obtained from the Flexsys Defendants if you exclude yourself from the Flexsys Settlement Class. Requests for exclusion should be sent by First-Class mail, postmarked **no later than May 16, 2005**, to:

*In re Rubber Chemicals Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

If you properly and timely submit a request for exclusion from the Flexsys Settlement Class, you may withdraw that request by delivering written notification that the request is being withdrawn to Class Counsel or to counsel for the Flexsys Defendants at or before the beginning of the Settlement Hearing, described below.

## PLAN OF ALLOCATION

22. The settlement proceeds, net of attorneys' fees, reimbursed litigation expenses and costs of administrating the settlement with the Flexsys Defendants, will be distributed on a *pro rata* basis among the Flexsys Settlement Class Members based on the dollar amount of each Flexsys Settlement Class Member's purchases of Rubber Chemicals and Miscellaneous Included Chemicals. Purchases must have been made directly from any of the Defendants during the Class Period to qualify. If you have

released the Flexsys Defendants on account of your purchase of Rubber Chemicals or Miscellaneous Included Chemicals during the Class Period, you are not entitled to make a claim. Because the alleged overcharge is only a portion of the price paid for Rubber Chemicals and Miscellaneous Included Chemicals, your recovery will be less than the total amount you paid.

23. To receive any distribution, you must complete and sign the enclosed Proof of Claim form. It must be postmarked **no later than July 15, 2005** and mailed to:

*In re Rubber Chemicals Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

## THE SETTLEMENT HEARING

24. The Court will hold a hearing on June 21, 2005 at 9:30 a.m. at the United States District Court for the Northern District of California, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California to decide the Class Plaintiffs' motions for final approval of the settlement and the plan of allocation, and for an award of attorneys' fees and reimbursement of expenses (the "Motions"). The hearing date and/or time may change without further notice to the Flexsys Settlement Class.

25. No later than May 9, 2005, Class Counsel will file their Motions with the Court. You may view these papers in the Court's public file room or by writing to Class Counsel. In their motion for attorneys' fees and reimbursement of expenses, Class Counsel will ask the Court to award up to 25% of the settlement fund as attorneys' fees and for reimbursement of expenses of up to $800,000.

26. Any Flexsys Settlement Class Member who objects to the settlement, plan of allocation, or request for attorneys' fees and reimbursement of expenses must do so in writing. The objection must include the caption of this Action, be signed, and be **received** by the Court, Class Counsel and counsel for the Flexsys Defendants at the following addresses no later than May 23, 2005:

| | |
|---|---|
| Clerk of Court<br>United States District Court<br>for the Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Richard A. Koffman, Esq.<br>Cohen, Milstein, Hausfeld<br>& Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Washington, D.C. 20005-3964 |
| Steven O. Sidener, Esq.<br>Gold Bennett Cera & Sidener LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 | Laurence T. Sorkin, Esq.<br>Cahill Gordon & Reindel LLP<br>80 Pine Street<br>New York, N.Y. 10005 |

27. If you do not object to the settlement, plan of allocation, or request for attorneys' fees and reimbursement of expenses, you do not need to appear at the hearing. However, you must complete and return the enclosed Proof of Claim form if you want to receive payment for your claim against the Flexsys Defendants.

## CHANGE OF ADDRESS

28. If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send the current information to the Claims Administrator at:

*In re Rubber Chemicals Antitrust Litigation*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

## ADDITIONAL INFORMATION

29. This Notice summarizes the Flexsys Settlement and related matters. The Settlement Agreement, Complaint, and other documents filed in this Action are available for review during business hours at the office of the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. **Do not contact the Judge or the Clerk of the Court.** If you have questions about this Notice, the Proof of Claim form, or the Action in general, contact Class Counsel in writing at the following addresses:

| | |
|---|---|
| Richard A. Koffman, Esq.<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Washington, D.C. 20005-3964 | Steven O. Sidener, Esq.<br>Gold Bennett Cera & Sidener LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 |

Dated: March 7, 2005

BY ORDER OF:
Clerk of the United States District Court
for the Northern District of California