UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION, | No. M:04-01648 MJJ (BZ)<br><br>**SECOND DISCOVERY ORDER** |

Following a telephone conference to address a number of discovery disputes, the parties met and conferred and resolved many of the disputes, for which they are to be complimented. Two remain. First is whether Bayer AG and Bayer Corporation (collectively Bayer) should answer the following interrogatory, which the court understands to be a replacement for several of the earlier interrogatories which were in dispute.

> Identify the current and former Bayer AG and Bayer Corp. officers, directors and employees who were involved in communications and meetings with competitors about: (a) fixing, increasing, setting or maintaining the price of rubber chemicals; (b) allocating rubber chemicals' production, sale, customers or

> market share; (c) restricting the production
> of rubber chemicals or inputs to manufacture
> rubber chemicals; and (d) concealment of any
> of the foregoing activities. For each person
> identified, to the extent you have not already
> done so, state for each current employee the
> position he/she held with the company and the
> dates he/she held those positions, and for
> each former employee, the same information
> plus his/her last known residential address.

Even as so formulated, I consider the interrogatory to be somewhat vague and overly broad. Ordinarily, I do not see it as the proper function of a court ruling on a discovery dispute to rewrite interrogatories. However, because the discovery cut-off date is fast approaching and requiring plaintiffs to propound new interrogatories consistent with a lengthy order detailing the shortcomings of the present interrogatory would probably create more problems than it would resolve, I will require Bayer to answer the following interrogatory:

> Identify the current and former Bayer AG and
> Bayer Corp. officers, directors and employees
> who during the period 1994 to 2001
> participated in communications and meetings
> with competitors about: (a) increasing,
> setting or maintaining the price of rubber
> chemicals; (b) allocating rubber chemicals'
> production, sale, customers, or market share;
> (c) restricting the production of rubber
> chemicals or inputs to manufacture rubber
> chemicals; and (d) concealing any of the
> foregoing activities. For each person
> identified, to the extent you have not already
> done so, state for each current employee the
> position he/she held with the company and the
> dates he/she held those positions, and for
> each former employee, the same information
> plus his/her last known residential address.

As to the issue of providing the last known residential address of each former employee, I have read the parties'

2

1 briefing on this issue. Bayer's only objection to providing
2 these addresses is that they are protected by German privacy
3 laws. The reasoning in the Vitamins case is persuasive on
4 this issue, and I have tentatively concluded that the
5 information should be produced pursuant to a protective order.
6 In re: Vitamins Antitrust Litigation, 2001 WL 1049433 at *
7 7-9 (D.D.C. 2001). The case on which Bayer relies, Volkswagen
8 v. Valdez, 909 S.W.2d 900, 903 (Tex. 1995), is distinguishable
9 on the grounds that Goodyear is not looking for Bayer's
10 corporate phone book, which could contain information about
11 many people with no connection to this matter, but is instead
12 seeking only information regarding those former employees whom
13 Bayer itself identifies as having knowledge about the matters
14 in dispute.

15 However, since I am personally unfamiliar with the German
16 privacy laws, I am reluctant to resolve this issue on the
17 basis of the minimal briefing contained in the parties'
18 letters. Accordingly, if Bayer believes the issue has not
19 been adequately resolved in cases such as Vitamins, it need
20 not produce the last known addresses of its former employees.
21 Instead, it must file a brief on this issue by **March 21, 2006**.
22 Once the court sees the brief, it will schedule further
23 briefing or a hearing as it deems appropriate.

24 The other discovery dispute involves the issue of where
25 the 30(b)(6) depositions should be taken.[1] This dispute

---

[1] Although Goodyear has filed the equivalent of a motion to compel discovery, on the issue of the location of the depositions, the proper practice would have been for Bayer to seek a protective order against the deposition noticed for

1  requires the court to balance several sometimes inconsistent
2  principles.  Goodyear noticed the deposition of Bayer pursuant
3  to Rule 30(b)(6) for Washington D.C., where Bayer's counsel
4  resides.  A party noticing a deposition ordinarily has a right
5  to have a deposition occur where noticed.  <u>Lexington Insurance</u>
6  <u>Co. v. Commonwealth Insurance Co.</u>, 1999 WL 33292943 at * 9
7  (N.D. Cal. 1999).  On the other hand, the 30(b)(6) deposition
8  of a corporation should ordinarily be taken at the
9  corporation's principal place of business.  8A Wright, Miller
10 & Marcus, <u>Federal Practice and Procedure:  Civil 2d</u> § 2112
11 (West 1994 & Supp. 2005).  Finally, courts have authority to
12 shift the location of a deposition in the interest of justice.
13 <u>Id.</u>  Bayer relies principally on the authority that the
14 deposition should occur in Germany, where its principal place
15 of business is located.  To complicate matters, as a
16 compromise, Bayer has suggested that the deposition occur in
17 the Netherlands, a neutral location.  But Bayer does not
18 explain how any of the policies implicated in the Federal
19 Rules would be advanced by scheduling the deposition for the
20 Netherlands.  In fact, Bayer's suggestion would seem to
21 inconvenience everybody, whereas Goodyear's proposed location
22 would principally inconvenience the Bayer witnesses.
23      Many of the cases which have shifted the deposition

---

Washington D.C. and request instead that the deposition be re-noticed for Germany.  Accordingly, I believe Bayer bears the burden of establishing the need to move the depositions to Germany.  <u>Cadent Ltd. v. 3 M Unitek Corp.</u>, 232 F.R.D. 625, 629-30 (S.D. Cal. 2005)(denying request for a protective order that required the depositions in the case not be taken in Los Angeles).

4

1   location from a corporation's residence have done so in an
2   effort to minimize cost and inconvenience.  In this case, all
3   parties are large, multi-national companies.  The costs of
4   travel of the numerous counsel involved in this case to
5   Germany are likely greater than the costs of their travel to
6   Washington D.C., and the cost of a reporter, videographer and
7   possibly a translator will likely be much higher if they must
8   travel to Germany.  Given the size of the companies, however,
9   cost should not be dispositive.  Nor is it clear that
10  requiring counsel to travel from various United States
11  locations to Germany or the Netherlands (as Bayer proposes)
12  places a much heavier burden on them than requiring them to
13  travel to Washington D.C.  While the burden on the witnesses
14  to travel to Washington D.C. is greater than to travel to the
15  Netherlands, that collective burden appears to be not as great
16  as the collective burden of counsel and other deposition
17  personnel traveling to Europe, especially since Bayer does not
18  disclose the number of designated witnesses.  Balancing all
19  these factors, if cost and convenience were the only factors
20  in deciding this issue, I would be inclined to require the
21  depositions to proceed in Germany.
22       However, I cannot overlook the fact that preceding this
23  litigation, Bayer pled guilty to criminal conspiracy charges
24  in this court.  As part of the plea agreement, Bayer agreed to
25  cooperate with the government, including sending necessary
26  witnesses and documents to San Francisco.  While nothing in
27  the plea agreement requires Bayer to send witnesses to the
28  United States in connection with civil litigation not

involving the United States as a party, the fact that Bayer is no stranger to this court in connection with the matters under dispute and was willing to send witnesses as far as San Francisco makes it fairer to require its witnesses to travel to Washington D.C. to testify than if it had simply been sued civilly in this district. In addition, given the nature of the charges, I cannot rule out the possibility that court intervention will be needed during the deposition and that such intervention will be easier if the deposition is held in Washington D.C. instead of Europe.[2]

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Bayer shall answer the revised interrogatory set forth above by **March 21, 2006**. If Bayer chooses not to provide the last known addresses of its former employees, by that date it shall file a brief justifying withholding of that information, analyzing not only the law of Germany but also the American cases which have interpreted that law.

2. The 30(b)(6) deposition of Bayer noticed by Goodyear shall proceed as noticed in Washington D.C. In recognition of the cost savings to Goodyear, it shall pay one-half of the reasonable travel and lodging costs of the Bayer witnesses.

Dated: March 7, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

---

[2] If they expect such problems, the parties should consider stipulating to a discovery referee, given the issue of my availability which I have discussed with counsel.

6

G:\BZALL\-REFS\IN RE RUBBER CHEMICALS\DISC2.ORDER.wpd