UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE RUBBER CHEMICALS                )
ANTITRUST LITIGATION,                  )        No. M:04-01648 MJJ (BZ)
                                       )
                                       )        **THIRD DISCOVERY ORDER**
                                       )
                                       )
                                       )
                                       )
_____)

Non-class plaintiffs PolyOne Corporation (PolyOne) and Parker Hannifin Corporation (Parker) request the court to compel defendant Chemtura (f/k/a Crompton) Corporation (Crompton) to produce documents dated 1989 to 1994 (pre-1994 documents) and transactional sales data for the period from 1989 to October 1992 (pre-1992 sales data). For the following reasons, PolyOne's and Parker's request is **GRANTED IN PART AND DENIED IN PART.**

Crompton does not dispute that PolyOne and Parker have alleged a global conspiracy beginning at least as early as January 1994 and continuing to at least December 2002. Whatever the scope of the original requests for the pre-1994 documents, by letter to the court dated February 14, 2006,

1

Parker and PolyOne have limited their request to documents concerning the pricing, sale and marketing of Rubber Chemicals from the files of 11 named individuals.  As so limited, the court disagrees that PolyOne and Parker have "failed to identify with any specificity" the pre-1994 documents they seek and finds the documents discoverable.  The court agrees with PolyOne and Parker that documents which predate the alleged 1994 start of the conspiracy may be relevant to show the formation of the conspiracy.

Crompton next argues that PolyOne's and Parker's request for the pre-1992 sales data imposes a burden on Crompton to produce paper invoices from unreasonably remote time periods without identifying "how, or even if, their damages expert would use this information."  See Opp., p. 2.  Fed. R. Civ. P. 26(b)(2) limits the scope of discovery if the court determines that "the discovery sought is unreasonably cumulative or duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit," including considerations of "the importance of the proposed discovery in resolving the issues."  PolyOne and Parker contend that discovering sales data for the period before and after the alleged conspiracy is "standard" in antitrust price-fixing cases in order to calculate damages.  While this may be true, on this record, it does not justify the discovery sought.  Crompton has already provided PolyOne and Parker with sales data dating back to October 1992, which is as far back as Crompton's electronic sales data goes.  Crompton has also agreed to provide sales data in electronic form through

1  December 2005, so PolyOne and Parker have, or will have, sales

2  data pre-dating and post-dating the plea period by

3  approximately three years.  What PolyOne and Parker have

4  failed to explain is why the information they have for the 2-3

5  year period preceding the conspiracy is not sufficient for

6  their purposes and why additional discovery of non-electronic

7  data which would be costly to produce is warranted.  See In re

8  Microcrystalline Cellulose Antitrust Litigation, 221 F.R.D.

9  428, 430 (E.D. Penn. 2004)(denying motion to compel sales and

10  pricing data discovery for additional three years because of

11  "the minimum potential benefits").[1]

12  **IT IS HEREBY ORDERED** that by **March 22, 2006,** Crompton

13  shall produce the requested pre-1994 documents from the files

14  of the individuals identified on page 2 of Mr. Noss' February

15  14, 2006 letter [doc # 305-1].  PolyOne's and Parker's request

16  to compel Crompton to produce transactional sales data for the

17  period from 1989 to October 1992 is **DENIED.**

18  Dated:  March 8, 2006

19                                 Bernard Zimmerman
                                    United States Magistrate Judge
20

21  G:\BZALL\-REFS\IN RE RUBBER CHEMICALS\DISC.3.bz.ORDER.wpd

22

23  _____

24       [1]    Similar to this case, in Microcrystalline, the court
     "acknowledge[d] that sales and pricing data . . . are needed in
25   order to prove liability and calculate damages" but was "not
     convinced that plaintiffs require more than three years of such
26   data to conduct a meaningful 'before and after' analysis."  221
     F.R.D. at 430.  PolyOne and Parker have only made general
27   statements that the requested discovery would be useful in
     calculating damages whereas plaintiffs in Microcrystalline
28   submitted an expert's declaration in support of their discovery
     request.