# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 (MJJ)<br>ALL CASES |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | **Bayer Settlement** |

**NOTICE OF SETTLEMENT IN CLASS ACTION AND HEARING ON SETTLEMENT APPROVAL, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND COSTS**

**TO: ALL PERSONS AND ENTITIES IN THE UNITED STATES AND ITS TERRITORIES (EXCLUDING GOVERNMENT ENTITIES) WHO DIRECTLY PURCHASED RUBBER CHEMICALS FROM ANY DEFENDANT AT ANY TIME FROM MAY 1, 1995 THROUGH DECEMBER 31, 2001.**

Please read this Notice carefully. Your rights may be affected by this settlement. If you are a member of the Class (defined below in Paragraph 1), you may be entitled to a portion of the settlement fund resulting from a settlement with defendants Bayer AG and Bayer Corporation (collectively referred to as "Bayer"). To participate, you must submit the enclosed Proof of Claim form postmarked **no later than September 30, 2006**.

This Notice has been sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). Its purpose is to inform you of the pending class action lawsuit (the "Class Actions") and the settlement of the Class Actions as to Bayer. To resolve the claims against it, Bayer has agreed to pay and has deposited more than two hundred fifty million dollars ($250,000,000) and to cooperate in the prosecution of claims against the remaining Defendants in the Class Actions.

If you are a member of the Class, you have the right to share in the settlement fund, object to the proposed settlement, and/or enter an appearance through your own counsel at your own expense. You also have the right to exclude yourself from the Settlement Class, in which case you will **not** be entitled to share in this settlement fund or object to this proposed settlement.

## DEFINITIONS

1. "Class" means all persons and entities in the United States and its territories who directly purchased Rubber Chemicals from Defendants at any time from May 1, 1995 through December 31, 2001. Excluded from the Class are Defendants, their respective parents, employees, subsidiaries and affiliates, and all government entities.

2. "Class Counsel" means the law firms of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., 1100 New York Avenue, N.W., Washington, D.C. 20005; and Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105.

3. "Class Period" means the period from May 1, 1995 through December 31, 2001.

4. "Defendants" means Bayer AG, Bayer Corporation, Rhein Chemie Rheinau GmbH, Rhein Chemie Corporation, Crompton Corporation (n/k/a Chemtura Corporation), Uniroyal Chemical Company, Inc., Flexsys N.V., Flexsys America L.P., Akzo Nobel Chemicals International B.V., Akzo Nobel Chemicals, Inc. and Solutia, Inc.

5. "Effective Date" means the date of final approval of the Settlement Agreement, which shall occur upon: (a) the entry by the Court of the Final Judgment, and (b) the expiration of the time for appeal or to seek permission to appeal from the Court's approval of the Implementing Settlement Agreement and entry of the Final Judgment or, if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. §1651, shall be taken into account in determining when the judgment in this Class Action becomes final.

6. "Plaintiffs" means Rubber Engineering and Development Company, Inc.; Standard Rubber Products, Inc.; Polymerics, Inc.; Schlegel Corporation; Precision Associates, Inc. and Monmouth Rubber & Plastics Corporation.

7. "Released Claims" means upon the occurrence of the Effective Date and in consideration of the payment of the Settlement Amount, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees that Releasors, or anyone of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to any conduct by the Releasees prior to the Effective Date concerning the pricing, selling, discounting, marketing, manufacturing and/or distributing of Rubber Chemicals in the United States and its territories or for delivery in the United States and its territories. The Released Claims include but are not limited to claims related to or arising out of the facts, occurrences, transactions, or other matters alleged in the Class Actions during the Class Period. However, nothing herein shall be construed to release any claims relative to any product

defect, breach of contract, or similar claim between the parties relating to Rubber Chemicals. Moreover, nothing herein shall preclude the Releasors from participating in or benefiting from any relief or other recovery as part of a settlement or judgment on behalf of a class of indirect purchasers of Rubber Chemicals (such reservation by the Releasors of any right to participate in any relief or other recovery as part of a settlement or judgment on behalf of a class of indirect purchasers of Rubber Chemicals shall under no circumstances be construed to constrain the Releasees from asserting any defense or opposing the certification of any putative class of indirect purchasers of Rubber Chemicals). The Releasors shall not, after the Effective Date, seek to recover against any of the Releasees for any of the Released Claims.

8. "Releasees" shall refer jointly and severally, individually and collectively to Bayer, LANXESS AG, LANXESS Corporation, LANXESS Deutschland GmbH, Rhein Chemie Corporation, and Rhein Chemie Rheinau GmbH, and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

9. "Releasors" shall refer jointly and severally, individually and collectively to Plaintiffs, the Class Members, and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

10. "Rubber Chemicals" means accelerators (primary accelerators, secondary, semi-ultra or ultra accelerators, retardants, vulcanizing activators and agents, including without limitation sulfenamides, sulfenimides, thiazoles, thiazole sulfenamides, dithiocarbamates, thiurams, xanthates, sulfides, disulfides, aldehyde amines, guanidines, thioureas, dithiophosphates, and cyclic ester of dithiocarbamic acid); antioxidants and antiozonants (including without limitation paraphenylenediamines, para-phenylenediamine blends, quinolines, hydroquinones, hindered phenols, diphenylamines, monofunctional and oligofunctional secondary aromatic amines, monofunctional and oligofunctional substituted phenols, and mecapto compounds); and waxes, blowing agents, vulcanization retardants, pre-vulcanization inhibitors, polymerization regulators, shortstops, peptizing agents, post-vulcanization stabilizers, anti-reversion agents, treated cellulose reinforcement materials, cross-linking and bonding agents, latex stabilizers, heat sensitizers, certain plasticizers and processing agents, fillers, sulfur silanes, and metal soaps used in the processing and/or protection of rubber.

11. "Settlement Class" means all members of the Class who do not timely and validly elect to be excluded from the Settlement Class, certified for purposes of this Implementing Settlement Agreement and the Global Settlement Agreement only.

**SUMMARY OF THE ACTION**

12. The first complaint in this Action was filed in the United States District Court for the Northern District of California on April 8, 2003. That case and several subsequently filed cases were consolidated and a Consolidated Amended Complaint was filed on November 3, 2003. On or about March 15, 2005, Plaintiffs filed their Second Amended Consolidated Complaint (the "Complaint"). The Complaint alleges that the Defendants conspired to fix or maintain the prices of, and/or allocate markets for, Rubber Chemicals sold in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. §1. The Complaint alleges that, as a result of this conspiracy, members of the Class paid more for Rubber Chemicals than they otherwise would have and, thus, were injured.

13. The Class Actions have been vigorously litigated. Class Counsel have analyzed hundreds of thousands of documents produced by the Defendants. They have also conducted an independent investigation of the facts and analyzed Defendants' sales and pricing data. Class Counsel have deposed and/or interviewed numerous witnesses on various topics, including the nature and scope of the alleged conspiracy, its impact, the revenue generated from selling Rubber Chemicals and how prices were set for Rubber Chemicals. Class Counsel have also conducted significant discovery by means of interrogatories, document requests and requests for admissions.

14. The Plaintiffs and Defendants also retained expert economists to analyze data, and each expert prepared detailed written reports which were submitted to the Court in connection with the class certification motion. On or about October 6, 2005, the Court granted Plaintiffs' motion for class certification. *In re Rubber Chemicals Antitrust Litigation*, 232 F.R.D. 346 (N.D. Cal. 2005). Prior thereto, Plaintiffs appeared for deposition.

15. While the Plaintiffs believe they have meritorious claims against Bayer, Bayer has asserted that it has meritorious defenses which would serve to minimize or eliminate its liability and/or damage exposure to the Class. The parties entered into the settlement to eliminate the burden and expense of further litigation. Class Counsel have determined that settling the claim against Bayer is in the best interest of the Class. The settlement provides an immediate and substantial cash benefit to the Class Members and avoids the risk of a trial relating to, *inter alia*, the scope of liability and the amount of provable damages. Not only will the Class Members receive compensation for their claims against Bayer, they will have the benefit of Bayer's cooperation in litigating claims against the remaining Defendants. No determination has been made by the Court in this case as to liability or the amount of damages suffered by the Class.

## THE PROPOSED SETTLEMENT WITH BAYER

16. Bayer and Class Counsel negotiated vigorously and at arms-length for a protracted period of time to reach a fair and reasonable resolution of the claims brought in this action. This effort was extremely complicated.

17. Bayer has paid the total cash settlement of $250,375,190.00 to resolve Bayer's liability in this case. The payments by Bayer consist of three separate funds which Bayer deposited into escrow in December 2005. First, the Settlement Fund is the amount available for payment to all members of the Class. This fund is $202 million. This fund is subject to reduction based on a formula taking into account the relative amount of Rubber Chemicals purchases by opt-outs. Second, there is an Attorneys' Fee Fund which, subject to Court approval, shall be paid to Class Counsel and other counsel on account of attorneys' fees and costs. This fund is $47,975,190. Any portion of this fund not awarded is to be returned to Bayer. Finally, there is an Administrative Fund for the payment of Notice and Administration Costs which is designed to cover the costs of administrating this settlement. The amount of this fund is $400,000. The remaining balance, if any, shall be returned to Bayer at the conclusion of the administration of the settlement.

18. In addition to the cash payments, Bayer has agreed to cooperate with Class Counsel in their continued litigation against the remaining Defendants. The cooperation agreement requires that Bayer provide assistance to Class Counsel in obtaining evidence related to the Plaintiffs' claims regarding the purchase, sale, and/or pricing of Rubber Chemicals in the United States. Bayer has agreed to allow Class Counsel to confer with their counsel and to make available directors, officers, and employees believed to have knowledge of the alleged antitrust violations. The cooperation agreement further provides that Bayer will produce at trial and/or deposition, or through acceptable affidavits or declarations, representatives qualified to establish for admission into evidence data reflecting its sales of Rubber Chemicals during the Class Period and documents produced by Bayer.

19. In exchange for the settlement payments and its cooperation, Bayer and the other Releasees will be released from all Released Claims asserted against them on behalf of the Settlement Class for alleged price fixing of Rubber Chemicals in the United States prior to the Effective Date. Under certain circumstances, Bayer, in its sole discretion, will have the option to rescind this settlement in its entirety.

## YOUR OPTIONS

20. If you are a member of the Class, you will remain in the Settlement Class for purposes of this settlement only unless you elect to be excluded. As a Class Member, you will be bound by the judgment or other final disposition of the Class Actions as to Bayer. Your interests will be represented by Plaintiffs and Class Counsel. However, at your own expense, you may have your own attorney appear on your behalf. You may, but are not required to, appear at the hearing at which the Court will decide whether to grant final approval to the settlement and the plan of allocation, and whether to grant Class Counsel's request for attorneys' fees and reimbursement of expenses. Attorneys' fees and expenses will not be paid from the Settlement Fund, but rather from the Attorneys' Fee Fund as awarded by the Court.

21. If you remain in the Settlement Class, you must timely and properly file the enclosed Proof of Claim form with the Claims Administrator, Gilardi & Co., LLC, in order to share in the proceeds of the Bayer Settlement. Otherwise, your claim may be rejected and you may be precluded from any recovery from Bayer, although you still would be bound by the judgment or other final disposition entered by the Court as to Bayer.

22. To exclude yourself from the Settlement Class in connection with the Bayer Settlement, you must submit a written request which includes the full name of the purchaser (including any predecessor entities), your address and your request for exclusion from the Bayer Settlement. If you exclude yourself from the Bayer Settlement, you will not be bound by this settlement and you will not receive a portion of the settlement proceeds obtained from Bayer. Requests for exclusion from the Bayer Settlement should be sent by First-Class mail, postmarked so they are **received no later than August 7, 2006**, to:

*In re Rubber Chemicals Antitrust Litigation (Bayer)*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

## PLAN OF ALLOCATION

23. The settlement proceeds, net of settlement administration costs incurred, will be distributed on a *pro rata* basis among the members of the Settlement Class who timely and properly file a Proof of Claim. Each claimant's *pro rata* share will be based on the dollar amount of its purchases of Rubber Chemicals from all Defendants. Purchases must have been made directly from a Defendant during the Class Period to qualify. The Court retains the power to approve or reject, in full or partially, any individual claim of a Class Member based on equitable grounds. Because the alleged overcharge is only a portion of the price paid for Rubber Chemicals, your recovery will be less than the total amount you paid.

24. To submit a claim, complete and sign the enclosed Proof of Claim form. It must be postmarked **no later than September 30, 2006** and mailed to:

*In re Rubber Chemicals Antitrust Litigation (Bayer)*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

**THE SETTLEMENT HEARING**

25. The Court will hold a hearing on September 12, 2006 at 9:30 a.m. at the United States District Court for the Northern District of California, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California to decide the Plaintiffs' motions for final approval of the settlement and the plan of allocation, and for an award of attorneys' fees and reimbursement of expenses (the "Motions"). The hearing date and/or time may change without further notice.

26. No later than August 31, 2006, Class Counsel shall file their Motions with the Court. You may view these papers in the Court's public file room or by writing to Class Counsel. In their motion for attorneys' fees and reimbursement of expenses, Class Counsel will ask the Court to award the Attorneys' Fee Fund as attorneys' fees and reimbursement of expenses. This amount has been paid by Bayer into an Escrow Account. It will not be deducted from the Settlement Fund created for the benefit of the Settlement Class.

27. Any Class Member who objects to the Bayer Settlement, the plan of allocation, or the request for attorneys' fees and reimbursement of expenses must do so in writing. The objection must include the caption of this Class Action, be signed, and be **received** by the Court and Class Counsel at the following addresses no later than August 7, 2006:

| | |
|---|---|
| Steven O. Sidener, Esq.<br>Gold Bennett Cera & Sidener LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 | Richard A. Koffman, Esq.<br>Cohen, Milstein, Hausfeld<br>& Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Washington, D.C. 20005-3964 |
| Clerk of Court<br>United States District Court<br>for the Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | |

28. If you do not object to the settlement, plan of allocation, or request for attorneys' fees and reimbursement of expenses, you do not need to appear at the hearing. However, you must complete and return the Proof of Claim form if you want to receive payment for your claim against Bayer.

**CHANGE OF ADDRESS**

29. If this Notice reached you at an address other than the one on the mailing label, or if your address changes in the future, please send the current information to the Claims Administrator at:

*In re Rubber Chemicals Antitrust Litigation (Bayer)*
c/o Gilardi & Co., LLC
P.O. Box 8060
San Rafael, CA 94912-8060

**ADDITIONAL INFORMATION**

30. The Settlement Agreement, Complaint, and other documents filed in the Class Actions are available for review during business hours at the office of the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. If you have questions about this Notice, the Proof of Claim form, or the Class Actions in general, contact Class Counsel in writing at the following addresses:

| | |
|---|---|
| Richard A. Koffman, Esq.<br>Cohen, Milstein, Hausfeld<br>& Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Washington, D.C. 20005-3964 | Steven O. Sidener, Esq.<br>Gold Bennett Cera & Sidener LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105 |

**Do not contact the Judge or the Clerk of the Court.**

Dated: June 26, 2006

BY ORDER OF:
Clerk of the United States District Court
for the Northern District of California