1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  IN RE RUBBER CHEMICALS  ANTITRUST      |  MDL Docket No. C-04-1648 MJJ
    LITIGATION
12

13  THIS DOCUMENT RELATES TO:              |  Date:    September 12, 2006
                                           |  Time:    9:30 a.m.
14  ALL ACTIONS                            |  Place:   Courtroom of Hon. Martin J. Jenkins
                                           |           Courtroom 11, 19th Floor
15

16          [PROPOSED] ORDER AND RULE 54(b) FINAL JUDGMENT
                                  (BAYER)
17

18          Plaintiffs and defendants Bayer AG and Bayer Corporation (collectively referred to as

19  "Bayer") entered into the Amended Global Settlement Agreement and the Rubber Chemicals

20  Implementing Settlement Agreement (jointly, "Settlement Agreement") to fully and finally

21  resolve the Class' claims against Bayer and other Releasees. On June 26, 2006, the Court entered

22  its Order Granting Preliminary Approval of Settlement with the Bayer Defendants ("Preliminary

23  Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiffs to

24  disseminate notice of the settlement, the fairness hearing, and related matters to the Class.

25  Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held

26  a fairness hearing on September 12, 2006.

27  //

28  //

1　　　Having considered Plaintiffs' Motion for Final Approval of Settlement with Bayer

2　and Approval of the Plan of Allocation, oral argument presented at the fairness hearing, and

3　the complete records and files in this matter,

4　　　**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

5　　　1.　　The Court has jurisdiction over the subject matter of this litigation.

6　　　2.　　Terms capitalized in this Order and Final Judgment have the same meanings as

7　those used in the Settlement Agreement.

8　　　3.　　The Preliminary Approval Order outlined the form and manner by which the

9　Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related

10　matters. The notice program included individual notice to members of the Class who could be

11　identified through reasonable effort, as well as the publication of a summary notice in *The Wall

12　Street Journal*, *Rubber & Plastics News*, and *Chemical Marketing Reporter*. Proof that the

13　mailing and publication conformed with the Preliminary Approval Order has been filed with the

14　Court. This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due

15　process. It provided due and adequate notice to the Class.

16　　　4.　　The settlement was attained following an extensive investigation of the facts. It

17　resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel

18　with significant experience litigating antitrust class actions.

19　　　5.　　Final approval of the settlement with Bayer is granted pursuant to Fed. R. Civ. P.

20　23(e), because it is "fair, reasonable and adequate" to the Class. In reaching this conclusion, the

21　Court considered: the complexity, expense, and likely duration of the litigation, the Class'

22　reaction to the settlement and the result achieved.

23　　　6.　　The following Class is certified, for settlement purposes, pursuant to Fed. R. Civ.

24　P. Rule 23:

25　　　　All persons and entities in the United States and its territories who
　directly purchased Rubber Chemicals from Defendants at any time
26　　　　from May 1, 1995 through December 31, 2001. Excluded from the
　Class are Defendants, their respective parents, employees,
27　　　　subsidiaries and affiliates, and all government entities.

28　//

1   This Class satisfies the prerequisites for certification set forth in Fed. R. Civ. P. 23(a), in that: (a)
2   the Class is so numerous that joinder of all members is impracticable; (b) the members of the
3   Class share common questions of law or fact; (c) Plaintiffs' claims are typical of those of the
4   Class; and (d) Plaintiffs have, and will, fairly and adequately protect the interests of the Class. In
5   addition, the requirements of Fed. R. Civ. P. 23(b)(3), are satisfied in that: (a) common questions
6   of law or fact predominate over questions affecting only individual members; and (b) litigating
7   this case as a class action is superior to other methods available for the fair and efficient
8   adjudication of the controversy. Therefore, final certification of the Class is granted.

9       7.      Plaintiffs are adequate representatives of the Class and are hereby appointed as the
10  class representatives.

11      8.      Pursuant to Fed. R. Civ. P. 23(g), Class Counsel, previously appointed by the
12  Court (Gold Bennett Cera & Sidener LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.), are
13  appointed as counsel for the Class. These firms have, and will, fairly and competently represent
14  the interests of the Class.

15      9.      The people/entities identified on Exhibit A have timely and validly requested
16  exclusion from the Class and, therefore, are excluded. Such people/entities are not included in or
17  bound by this Order and Final Judgment. Such people/entities are not entitled to any recovery
18  from the settlement proceeds obtained through this settlement. However, this Final Order and
19  Judgment in no way affects their right to participate in any recovery obtained from any other
20  Defendant.

21      10.     All Released Claims are hereby dismissed with prejudice and without costs. The
22  Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that
23  asserts a Released Claim against any Releasee. This dismissal applies only in favor of Bayer and
24  the other Releasees. It is made without prejudice to any claims the Class has against any other
25  Defendant.

26      11.     The escrow account established by the parties, and into which Bayer has deposited
27  the $250,375,190.00 settlement amount plus accrued interest thereon, is approved as a Qualified
28  //

1  Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations

2  promulgated thereunder.

3       12.     This Order and Final Judgment does not settle or compromise any claims by

4  Plaintiffs or the Class against the Defendants or other persons or entities other than the

5  Releasees, and all rights against any other Defendant or other person or entity are specifically

6  reserved. The sales of Rubber Chemicals to members of the Class by Bayer shall remain in these

7  cases against the Non-Settling Defendants as a basis for damage claims and shall be part of any

8  joint and several liability claims against any Non-Settling Defendant or other person or entity

9  other than the Releasees.

10      13.     Neither the Settlement Agreement, nor any act performed or document executed

11 pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in

12 any civil, criminal, or administrative proceeding.

13      14.     The objection filed by Rubber Specialties, Inc. is overruled. The Court finds that

14 Rubber Specialties lacks standing to object because it is not a member of the Class. *See Gould v.*

15 *Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989). Rather, the Court finds that Rubber Specialties is

16 an indirect purchaser. Under controlling Supreme Court precedent (*see e.g. Illinois Brick Co. v.*

17 *Illinois*, 431 U.S. 720, 728-279 (1977)), Rubber Specialties could not have been properly a

18 member of the Class based on the federal claims asserted herein. Rubber Specialties' rights and

19 obligations are, in no way, impaired or affected, by this direct purchaser Action or the settlement

20 thereof with Bayer.

21      15.     Without affecting the finality of this Order and Final Judgment, the Court retains

22 exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the

23 litigation between the Plaintiffs and all remaining Defendants; (c) the enforcement of the

24 Settlement Agreement; (d) any application for attorneys' fees and reimbursement of expenses

25 made by Class Counsel; and (e) the distribution of the settlement proceeds.

26 //

27 //

28 //

1          16.     Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for

2  delay and hereby directs the entry of judgment as to defendants Bayer AG, Bayer Corporation,

3  Rhein Chemie Rheinau GmbH and Rhein Chemie Corporation.

4        **IT IS SO ORDERED.**

5  Dated: 9/12_____, 2006

                                            JUDGE MARTIN J. JENKINS

6                                         UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## EXHIBIT A - BAYER RUBBER CHEMICALS OPT-OUTS

1. Bandag, Incorporated
   (including all its predecessors, successors, subsidiaries and affiliates)

2. Bridgestone Americas Holding, Inc.
   (including all its predecessors, successors, subsidiaries and affiliates)

3. Carlisle Companies Incorporated
   (including all its predecessors, successors, subsidiaries and affiliates)

4. Caterpillar Inc.
   (including all its predecessors, successors, subsidiaries and affiliates)

5. Continental Tire North America, Inc.
   Continental AG
   (including all their respective predecessors, successors, subsidiaries and affiliates)

6. Cooper Tire & Rubber Company
   (including all its predecessors, successors, subsidiaries and affiliates except for
   Nishikawa Standards, Inc., Cooper Standard Automotive, Inc. and Standard
   Products Company)

7. Michelin North America, Inc.
   (including all its predecessors, successors, subsidiaries and affiliates)

8. Milliken & Company
   (including all its predecessors, successors, subsidiaries and affiliates)

9. Parker Hannifin Corporation
   (including all its predecessors, successors, subsidiaries and affiliates)

10. Pirelli North America, Inc.
    (including all its predecessors, successors, subsidiaries and affiliates)

11. PolyOne Corporation
    (including all its predecessors, successors, subsidiaries and affiliates)

12. RBX Industries, Inc.
    (including all its predecessors, successors, subsidiaries and affiliates)

13. The Goodyear Tire & Rubber Company
    (including all its predecessors, successors, subsidiaries and affiliates)

14. The Lubrizol Corporation
    (including all its predecessors, successors, subsidiaries and affiliates)

15. Yokohama Tire Corporation
    (including all its predecessors, successors, subsidiaries and affiliates)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


IN RE: RUBBER CHEMICALS ANTITRUST
LITIGATION et al,

Case Number: CV04-01648 MJJ

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

IN RE: RUBBER CHEMICALS ANTITRUST
LITIGATION et al,

Defendant.
_____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on September 12, 2006, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.


Amy K. Pohl
Jones Day
One Mellon Center
31st Floor
Pittsburgh, PA 15219

Benjamin G. Bradshaw
Charles E. Borden
Richard G. Parker
O'Melveny & Meyers LLP
1625 Eye Street, NW
Washington, DC 20006

Debra H. Dermody
Reed Smith
435 - Sixth Avenue
Pittsburgh, PA 15219-1886

Julie E. McEvoy
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001

Mark A. Racanelli
O'Melveny & Meyers LLP

7 Times Sqaure
New York, NY 10036

Michael D. Hausfeld
Cohen Milstein Hausfeld & Toll
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3934

Michael G. Nast
Roda & Nast
801 Estelle Drive
Lancaster, PA 17601

Michael L. Roberts
Roberts Law Firm
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223-1790

Michael R. Rickman
The Goodyear Tire & Rubber Company
Dept. 701-B
1144 East Market Street
Akron, OH 44316-00001

Robert Anthony Klein
Conrad O'Brien Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Dated: September 12, 2006

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk