1
2
3
4
5
6
7

FILED

NOV 1 2 2006

RICHARD W. WIEKING
CLERK
NORTHERN DIST. OF CALIFORNIA

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  IN RE RUBBER CHEMICALS ANTITRUST LITIGATION  12 | MDL Docket No. C-04-1648 MJJ  Class Action |
| 13  14  15 | [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS |
| 16  THIS DOCUMENT RELATES TO:  17      ALL ACTIONS. | Date:     September 12, 2006  Time:     9:30 a.m.  Place:    Courtroom of Hon. Martin J. Jenkins  Courtroom 11, 19th Floor |

18

19          Plaintiffs' Motion for Final Approval of Proposed Settlement with the Bayer Defendants

20   and Approval of the Plan of Allocation ("Motion") came on for hearing on September 12, 2006.

21   The Court has considered the Motion, the supporting papers, the argument of counsel, and all

22   other arguments presented at the hearing. Due and adequate notice having been given to the

23   Class, and good cause appearing, the Court hereby finds that:

24          1.      This Court has jurisdiction over the subject matter of the Motion and all matters

25   relating thereto, including all members of the Class.

26          2.      Due and adequate notice of the proposed Plan of Allocation was provided to the

27   Class. The Notice of Settlement In Class Action And Hearing On Settlement Approval, Plan of

28   Allocation, and Request for Attorneys' Fees ("Class Notice"), which sets forth the proposed Plan

14599

1  of Allocation, was mailed to all members of the Class who could be reasonably identified and
2  was posted on the Claims Administrator's website. In addition, a summary notice explaining
3  how to obtain the Class Notice was published in the national edition of *The Wall Street Journal*,
4  *Rubber & Plastics News*, and *Chemical Marketing Reporter*. Notice of the Plan of Allocation
5  has been given in accordance with the Court's Order Granting Preliminary Approval of Proposed
6  Settlement With The Bayer Defendants, entered June 26, 2006. The Class Notice adequately
7  advised the Class of the Plan of Allocation and their right to object to it. Full and fair
8  opportunity was provided to the members of the Class to be heard regarding the proposed Plan of
9  Allocation and the notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure and
10  due process have been satisfied.

11         3.         The objection filed by Rubber Specialties, Inc. is overruled. The Court finds that
12  Rubber Specialties lacks standing to object because it is not a member of the Class. *See Gould v.*
13  *Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989). Rather, the Court finds that Rubber Specialties is
14  an indirect purchaser of Rubber Chemicals. Under controlling Supreme Court precedent (*see e.g.*
15  *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728-279 (1977)), Rubber Specialties therefore could
16  not have been properly a member of the Class based on the federal claims asserted herein.
17  Rubber Specialties' rights and obligations are, in no way, impaired or affected, by this direct
18  purchaser Action or the settlement thereof with Bayer.

19         4.         The Plan of Allocation set forth in the Class Notice is, in all respects, fair,
20  adequate and reasonable to the Settlement Class. Accordingly, the Court hereby grants final
21  approval of the Plan of Allocation.

22         **IT IS SO ORDERED**.

23  Dated: September 12, 2006

                                                  JUDGE MARTIN J. JENKINS
24                                                UNITED STATES DISTRICT JUDGE

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF PLAN OF ALLOCATION OF SETTLEMENT
PROCEEDS - MDL Docket No. C-04-1648 MJJ                                                -2-

14599

## UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

IN RE: RUBBER CHEMICALS ANTITRUST
LITIGATION et al,

Case Number: CV04-01648 MJJ

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

IN RE: RUBBER CHEMICALS ANTITRUST
LITIGATION et al,

Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on September 12, 2006, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

Amy K. Pohl
Jones Day
One Mellon Center
31st Floor
Pittsburgh, PA 15219

Benjamin G. Bradshaw
Charles E. Borden
Richard G. Parker
O'Melveny & Meyers LLP
1625 Eye Street, NW
Washington, DC 20006

Debra H. Dermody
Reed Smith
435 - Sixth Avenue
Pittsburgh, PA 15219-1886

Julie E. McEvoy
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001

Mark A. Racanelli
O'Melveny & Meyers LLP

7 Times Sqaure
New York, NY 10036

Michael D. Hausfeld
Cohen Milstein Hausfeld & Toll
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3934

Michael G. Nast
Roda & Nast
801 Estelle Drive
Lancaster, PA 17601

Michael L. Roberts
Roberts Law Firm
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223-1790

Michael R. Rickman
The Goodyear Tire & Rubber Company
Dept. 701-B
1144 East Market Street
Akron, OH 44316-00001

Robert Anthony Klein
Conrad O'Brien Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Dated: September 12, 2006

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk

2