UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 MJJ<br><br><u>Class Action</u> |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[redacted] ORDER GRANTING PRELIMINARY APPROVAL**
**<u>OF PROPOSED SETTLEMENT WITH THE CROMPTON DEFENDANTS</u>**

It is hereby ORDERED:

1. The motion of Rubber Engineering and Development Company; Standard Rubber Products, Inc.; Polymerics, Inc.; Schlegel Corporation; Precision Associates, Inc.; and Monmouth Rubber & Plastics Corporation ("Plaintiffs") for preliminary approval of the proposed settlement with defendants Crompton Corporation (n/k/a Chemtura Corporation) and Uniroyal Chemical Company, Inc. (n/k/a Chemtura USA Corporation) (collectively referred to as "Crompton") is hereby GRANTED.

2. The Court grants preliminary approval of the Class, for settlement purposes, defined as follows:

//

//

//

> All persons and entities who purchased Rubber Chemicals in the United States directly from any of the Defendants at any time during the Class Period, May 1, 1995 through December 31, 2001. Excluded from the Class are all government entities, Defendants, their respective parents, predecessors, subsidiaries and affiliates and the Excluded Entities which means each of the entities identified or referred to on Exhibit 1 hereto.

3. The proposed settlement, as set forth in the Settlement Agreement with Crompton dated October 2, 2006 (the "Settlement Agreement"), is sufficiently fair, reasonable, and adequate to authorize the dissemination of notice of the proposed settlement to the Class.

4. The Court approves the form and content of the: (a) Notice of Proposed Settlement of Class Action and Hearing on Settlement Approval, Plan of Allocation, and Request for Attorneys' Fees and Costs ("Notice"), attached hereto as Exhibit A; (b) Summary Notice of Proposed Settlement of Class Action and Hearing on Settlement Approval, Plan of Allocation, and Request for Attorneys' Fees and Costs ("Summary Notice"), attached hereto as Exhibit B; and (c) Proof of Claim form, attached hereto as Exhibit C.

5. The Notice and Proof of Claim form are to be mailed by First-Class mail on or about November 3, 2006 to potential members of the Settlement Class whose names and addresses are set forth on electronic databases produced by Crompton and the other Defendants to the Claims Administrator. The Notice and Proof of Claim form shall also be posted on the website of the Claims Administrator. In addition, the Summary Notice shall be published once, on or about November 10, 2006, in the national edition of *The Wall Street Journal* and in *Rubber & Plastics News* and *Chemical Market Reporter*. The Notice and Proof of Claim shall be mailed by First-Class mail to all persons and entities requesting those documents following publication of the Summary Notice.

6. The Court finds that mailing the Notice and Proof of Claim and publishing the Summary Notice as set forth herein constitute the best notice practicable under the circumstances and will provide sufficient notice to those entitled to notice of the proposed settlement, thereby fulfilling the requirements of Rule 23 of the Federal Rules of Civil Procedure and the due process requirements of the United States Constitution.

//

7. The Court will hold a Final Approval Hearing on January 9, 2007 at 9:30 a.m at the United States District Court for the Northern District of California, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California to decide the Plaintiffs' motions for final approval of the settlement and the plan of allocation, and for an award of attorneys' fees and reimbursement of expenses (the "Motions"). The date and/or time of the Final Approval Hearing may change without further notice. The Motions shall be filed with the Court no later than December 22, 2006.

8. Any member of the Settlement Class who objects to the settlement, plan of allocation, or request for attorneys' fees and reimbursement of expenses must do so in writing. The objection must include the caption of this case, be signed, and be **received** by the Court and Class Counsel no later than December 15, 2006.

9. All requests for exclusion from the Class must be postmarked so they are **received** by the Claims Administrator no later than December 15, 2006, and must otherwise comply with the requirements set forth in the Notice.

10. Ten (10) days before the Final Approval Hearing, Class Counsel or their designee shall cause to be filed with the Court, and served upon the parties, an affidavit or declaration of the person under whose direction the Notice and Proof of Claim form were mailed and the Summary Notice was published, showing that the mailing and publication were made in accordance with this Order.

11. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, related expenses and costs of notice and administration of the settlement, as set forth in the Settlement Agreement.

12. Gilardi & Co., LLC is approved to serve as the Claims Administrator.

//

//

13. The Class Actions against the Releasees are stayed except as provided for in the Settlement Agreement.

Dated: 10/25/2006, [redacted]

HON. MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE