

FILED
JAN 0 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 MJJ<br><br>Class Action<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES FROM THE CROMPTON SETTLEMENT AND REIMBURSEMENT OF EXPENSES |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS. | Date:   January 9, 2007<br>Time:   9:30 a.m.<br>Place:  Courtroom of Hon. Martin J. Jenkins<br>             Courtroom 11, 19th Floor |

Plaintiffs and defendants Crompton Corporation (now known as Chemtura Corporation) and Uniroyal Chemical Company, Inc. (now known as Chemtura USA Corporation) (collectively, "Crompton") entered into the Settlement Agreement With Crompton ("Settlement Agreement") to fully and finally resolve the Class' claims against Crompton and other Releasees. On October 25, 2006, the Court entered its Order Granting Preliminary Approval of Settlement with the Crompton Defendants ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order.

//

[PROPOSED] ORDER GRANTING PLFS' MTN FOR AWARD OF ATTYS' FEES FROM THE CROMPTON SETTLEMENT AND REIMBURSEMENT OF EXPENSES - MDL Docket No. C-04-1648 MJJ     -1-

#115744

1   Plaintiffs' Motion For An Award Of Attorneys' Fees and Reimbursement of Expenses came on for hearing on January 9, 2007 after reasonable notice had been given to the Class in accordance with this Court's Preliminary Approval Order. Having considered the motion, the argument of counsel, and good cause appearing therefor, the Court hereby finds that:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreement.

3. An award of attorneys' fees equal to twenty-five percent (25%) of the Crompton Settlement Fund is fair and reasonable. That amount shall be paid to Class Counsel from the Crompton Settlement Fund.

4. Class Counsel's unreimbursed expenses of $39,208.35 were reasonably and necessarily incurred to prosecute this case. Class Counsel shall be reimbursed that amount from the Crompton Settlement Fund.

5. Class Counsel are hereby awarded interest on the attorneys' fees and expense reimbursement awarded above. Interest shall accrue from the date Crompton deposited the Settlement Fund into the Escrow Account until the date such funds are dispersed to Class Counsel. Interest thereon shall be paid at the same interest rate as earned by the Settlement Fund.

6. The foregoing award is based on the excellent recovery achieved for the benefit of the Class in a complicated matter and the fact that the award represents a reasonable percentage of the recovery obtained for the benefit of the Plaintiffs and the Class from Crompton. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

7. Class Counsel, as designated by the Court (Gold Bennett Cera & Sidener LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.), shall allocate the attorneys' fees awarded herein among other counsel based on their assessment of the respective relative contributions by other counsel to the prosecution of the case on behalf of the Class.

//

[PROPOSED] ORDER GRANTING PLFS' MTN FOR AWARD OF ATTYS' FEES FROM THE CROMPTON SETTLEMENT AND REIMBURSEMENT OF EXPENSES - MDL Docket No. C-04-1648 MJJ    -2-

#115744

1   8.   Plaintiffs, Rubber Engineering and Development Company; Standard Rubber Products, Inc.; Polymerics, Inc.; Schlegel Corporation; Industrial Rubber Products LLC; Precision Associates, Inc.; and Monmouth Rubber & Plastics Corporation, shall each receive a payment of $10,000 for their time and efforts on behalf of the Class. Plaintiffs shall each be paid that amount from the Crompton Settlement Fund.

**IT IS SO ORDERED**.

Dated: ___1/9___, 2007

JUDGE MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLFS' MTN FOR AWARD OF ATTYS' FEES FROM THE CROMPTON SETTLEMENT AND REIMBURSEMENT OF EXPENSES - MDL Docket No. C-04-1648 MJJ      -3-

#115744