FILED
JAN 09 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C-04-1648 MJJ |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Date: January 9, 2007<br>Time: 9:30 a.m.<br>Place: Courtroom of Hon. Martin J. Jenkins<br>Courtroom 11, 19th Floor |

**~~[PROPOSED]~~ ORDER AND RULE 54(b) FINAL JUDGMENT (CROMPTON)**

Plaintiffs and defendants Crompton Corporation (now known as Chemtura Corporation) and Uniroyal Chemical Company, Inc. (now known as Chemtura USA Corporation) (collectively "Crompton") entered into the Settlement Agreement With Crompton dated October 2, 2006 ("Settlement Agreement") to fully and finally resolve the Class' claims against Crompton and other Releasees. On October 25, 2006, the Court entered its Order Granting Preliminary Approval of Proposed Settlement With The Crompton Defendants ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on January 9, 2007.

//

Having considered Plaintiffs' Motion for Final Approval of Settlement with Crompton and Approval of the Plan of Allocation, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable effort, as well as the publication of a summary notice in *The Wall Street Journal*, *Rubber & Plastics News*, and *Chemical Market Reporter*. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process. It provided due and adequate notice to the Class.

4. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. Final approval of the settlement with Crompton is granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable and adequate" to the Class. In reaching this conclusion, the Court considered: the complexity, expense, and likely duration of the litigation, the Class' reaction to the settlement and the result achieved.

6. The following Class is certified, for settlement purposes, pursuant to Fed. R. Civ. P. Rule 23:

> All persons and entities who purchased Rubber Chemicals in the United States directly from any of the Defendants at any time during the Class Period, May 1, 1995 through December 31, 2001. Excluded from the Class are all government entities, Defendants, their respective parents, predecessors, subsidiaries and affiliates and the Excluded Entities which means each of the entities identified or referred to on Exhibit 1 [to the Settlement Agreement].

This Class satisfies the prerequisites for certification set forth in Fed. R. Civ. P. 23(a), in that: (a) the Class is so numerous that joinder of all members is impracticable; (b) the members of the Class share common questions of law or fact; (c) Plaintiffs' claims are typical of those of the Class; and (d) Plaintiffs have, and will, fairly and adequately protect the interests of the Class. In addition, the requirements of Fed. R. Civ. P. 23(b)(3), are satisfied in that: (a) common questions of law or fact predominate over questions affecting only individual members; and (b) litigating this case as a class action is superior to other methods available for the fair and efficient adjudication of the controversy. Therefore, final certification of the Class is granted.

7. Plaintiffs are adequate representatives of the Class and are hereby appointed as the class representatives.

8. Pursuant to Fed. R. Civ. P. 23(g), Class Counsel, previously appointed by the Court (Gold Bennett Cera & Sidener LLP and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.), are appointed as counsel for the Class. These firms have, and will, fairly and competently represent the interests of the Class.

9. The people/entities identified on Exhibit 1, if any, have timely and validly requested exclusion from the Class and, therefore, are excluded. Such people/entities are not included in or bound by this Order and Final Judgment. Such people/entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. However, this Final Order and Judgment in no way affects their right to participate in any recovery obtained from any other Defendant.

10. All Released Claims are hereby dismissed with prejudice and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any Releasee. This dismissal applies only in favor of Crompton and the other Releasees. It is made without prejudice to any claims the Class has against any other Defendant.

//

//

//

11. The escrow account established by the parties, and into which Crompton has deposited the $51,000,000.00 settlement amount plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12. This Order and Final Judgment does not settle or compromise any claims by Plaintiffs or the Class against the Defendants or other persons or entities other than the Releasees, and all rights against any other Defendant or other person or entity are specifically reserved. The sales of Rubber Chemicals to members of the Class by Crompton shall remain in these cases against the Non-Settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any Non-Settling Defendant or other person or entity other than the Releasees.

13. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

14. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the litigation between the Plaintiffs and all remaining Defendants; (c) the enforcement of the Settlement Agreement; (d) any application for attorneys' fees and reimbursement of expenses made by Class Counsel; and (e) the distribution of the settlement proceeds.

15. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to defendants Crompton Corporation (now known as Chemtura Corporation) and Uniroyal Chemical Company, Inc. (now known as Chemtura USA Corporation).

**IT IS SO ORDERED.**

Dated: 1/9, 2007

JUDGE MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**REQUESTS FOR EXCLUSION - EXHIBIT 1**

Class Member

1. Lubrizol Corporation
(including all its predecessors, successors, subsidiaries and affiliates)

Excluded Entities

1. RBX Industries, Inc.
(including all its predecessors, successors, subsidiaries and affiliates)