1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE RUBBER CHEMICALS ANTITRUST          MDL Docket No. C-04-1648 MMC
     LITIGATION,
12                                             **ORDER DIRECTING PARTIES IN**
                                               **KOREA KUMHO PETROCHEMICAL CO.,**
13          THIS DOCUMENT RELATES TO:          **LTD. V. FLEXSYS AMERICA LP, ET AL.,**
                                               **CASE NO. 07-1057, TO SHOW CAUSE**
14                 C-07-1057                    **WHY COURT SHOULD NOT ISSUE**
                                               **SUGGESTION OF REMAND**
15   _____/

16

17          Before the Court is defendants Flexsys America LP and Flexsys N.V.'s (collectively,

18   "Flexsys") "Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint," filed

19   May 16, 2008.  Plaintiff Korea Kumho Petrochemical Co., Ltd. ("KKPC"), has filed

20   opposition, to which defendants have replied.

21          Having read and considered the papers filed in support of and in opposition to the

22   motion, and having reviewed the claims set forth in the Third Amended Complaint ("TAC"),

23   the Court will direct the parties to show cause why the Court should not issue, pursuant to

24   Rule 7.6 of the Rules for Multidistrict Litigation, a suggestion of remand.

25          By order filed December 21, 2004, the Judicial Panel on Multidistrict Litigation ("the

26   Panel"), transferred two actions to this district for coordination or consolidation with two

27   actions originally filed herein, thereby creating MDL 1648.  Observing that each of the

28   actions comprising MDL 1648 was "brought under the Sherman Act to recover for

United States District Court

For the Northern District of California

1   violations arising in the context of an alleged conspiracy to fix the price of rubber

2   chemicals," the Panel found that "[c]entralization under [28 U.S.C.] Section 1407 is

3   necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings

4   (especially with respect to class certification matters), and conserve the resources of the

5   parties, their counsel, and the judiciary." See In re Rubber Chemicals Antitrust Litig., 350

6   F. Supp. 2d 1366, 1367 (JPML 2004).

7        At the time MDL 1648 was formed, each plaintiff in the four matters then comprising

8   the multidistrict litigation was a purchaser of the subject rubber chemicals.  Thereafter, the

9   Panel transferred to this district for coordination or consolidation three additional actions,

10   each of which was filed by a plaintiff or plaintiffs who had purchased rubber chemicals, with

11   the exception of Korea Kumho Petrochemical Co., Ltd. v. Flexsys America LP, et al. ("the

12   KKPC Action"), in which the plaintiff is a seller of the subject rubber chemicals, i.e., a

13   competitor of the entities that allegedly conspired to fix the price of rubber chemicals.  Also

14   included in MDL 1648 were additional actions filed in this district by a plaintiff or plaintiffs

15   who had purchased rubber chemicals.  In total, the instant proceeding involved ten actions

16   originally filed in this district and five actions transferred to this district.

17        The fifteen component cases can be categorized as follows:  (1) eight separate

18   actions brought by purchaser plaintiffs, which actions were consolidated, a class was

19   certified, and the claims of each purchaser were fully resolved; (2) four separate actions

20   brought by purchaser plaintiffs who elected to opt out of the consolidated class proceeding,

21   and whose claims were resolved, or, in one instance, remain to be resolved, on an

22   individual basis; (3) two separate actions brought by purchaser plaintiffs, which actions

23   were voluntarily dismissed; and (4) the KKPC Action, which, as noted, is brought by a

24   competitor of the alleged conspirators, and which is proceeding on an individual basis.  At

25   the present time, each component case has been fully resolved, with two exceptions:

26   (1) Bridgestone Americas Holding, Inc. v. Chemtura Corp. ("the Bridgestone Action"), a

27   case brought by plaintiffs who opted out of the consolidated class proceeding, and (2) the

28   KKPC Action.

2

1    In light of KKPC's most recent amendment to its pleading, it appears to the Court,

2  for the reasons discussed below, that retention in this district of the KKPC Action is no

3  longer proper, for the reason that it appears no coordinated pretrial proceedings remain to

4  be conducted therein.  See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

5  U.S. 26, 34 (1998) (holding Panel required "to remand any pending case to its originating

6  court when, at the latest, [coordinated or consolidated] pretrial proceedings have run their

7  course"); In re Patenaude, 210 F. 3d 135, 142 (3rd Cir.) (holding transferee court only has

8  authority to conduct "coordinated or consolidated" pretrial proceedings in actions

9  comprising an MDL), cert. denied, 531 U.S. 1011 (2000).

10    In seeking transfer pursuant to 28 U.S.C. § 1407, KKPC, in a "Notice of Potential

11  'Tag-Along Action'," dated August 16, 2006, described its claims as follows:

12       The KKPC Action alleges antitrust violations involving a conspiracy between
         defendants and their co-conspirators . . . to restrain trade and fix the price of
13       rubber chemicals in the United States market.  The claims in the KKPC Action
         are substantially similar to the claims asserted in the cases already
14       transferred by the Panel pursuant to 28 U.S.C. § 1407 to the [ ] Northern
         District of California . . . .
15
    (See Docket # 583, Case No. MDL 04-1648, Ex. D.)  Consistent with such description,
16
    KKPC's First Amended Complaint ("FAC"), the operative pleading at the time of transfer,
17
    included, inter alia, claims brought under the Sherman Act to recover for violations arising
18
    from the alleged conspiracy to fix the price of rubber chemicals.  (See Docket #1, Case No.
19
    C-07-1057, Part 5, ¶¶ 26-27, 42, 48, 57.)
20
         In its Transfer Order, filed February 6, 2007, the Panel found transfer of the KKPC
21
    Action hereto "for inclusion in the coordinated or consolidated pretrial proceeding occurring
22
    there will serve the convenience of the parties and witnesses and promote the just and
23
    efficient conduct of the litigation" because the instant district was "a proper Section 1407
24
    forum for actions brought under the Sherman Act to recover for violations arising in the
25
    context of an alleged conspiracy to fix the prices of rubber chemicals."  (See Transfer
26
    Order, filed February 6, 2007.)
27
    //
28

                                          3

1   After the KKPC Action was transferred to this district, Flexsys moved to dismiss the

2   FAC.  The Court, by order filed August 13, 2007, dismissed the antitrust claims in the FAC,

3   with leave to amend.  On September 12, 2007, KKPC filed its Second Amended Complaint

4   ("SAC"), in which KKPC continued to allege, <u>inter</u> <u>alia</u>, Sherman Act claims based on

5   alleged violations arising from the conspiracy to fix the price of rubber chemicals.  (<u>See</u>

6   SAC ¶¶ 27-29, 59, 65, 74.)  By order filed March 11, 2008, the Court, on motion by

7   Flexsys, dismissed the antitrust claims in the SAC, again affording KKPC an opportunity to

8   amend.

9   On April 18, 2008, KKPC filed its TAC, on which pleading the KKPC Action currently

10  proceeds.  As Flexsys observes in its pending motion to dismiss the TAC, KKPC has

11  deleted from the TAC each claim based on the alleged conspiracy to fix the price of rubber

12  chemicals, and now bases its Sherman Act claims solely on a "group boycott" theory, (<u>see</u>

13  TAC ¶ 37), specifically, that Flexsys, beginning in September 2005 and continuing to the

14  present, has issued "threats" to third parties who purchase or intend to purchase products

15  sold by KKPC and that such third parties have, in response to the threats, refused to

16  purchase rubber chemicals from KKPC, (<u>see</u> TAC ¶¶ 30-34, 41).

17  In sum, the KKPC Action no longer includes a claim "under the Sherman Act to

18  recover for violations arising in the context of an alleged conspiracy to fix the price of

19  rubber chemicals."  <u>See In re Rubber Chemicals Antitrust Litig.</u>, 350 F. Supp. 2d at 1367.

20  The remaining Sherman Act claims on which KKPC now proceeds do not appear to

21  present a significant issue of fact that also is presented by the price-fixing claims alleged in

22  the 13 closed actions and in the one other open action (the Bridgestone Action) in MDL

23  1648.  <u>Cf.</u> <u>id.</u> (finding transfer appropriate where, <u>inter</u> <u>alia</u>, actions filed in other districts

24  and actions filed in transferee district "involve[d] common questions of fact").  Further, the

25  interest of judicial economy and convenience to the parties and witnesses would not

26  appear to be advanced by retention of the KKPC Action in this district, as the KKPC Action

27  now presents claims that are based on facts not litigated or presented in the closed cases

28  and that will not be litigated or presented in the Bridgestone Action, and appear to be

4

based on conduct occurring after the alleged price-fixing conspiracy had ended.  Cf. id. (finding transfer appropriate where, inter alia, "centralization [of actions in one district] will serve the convenience of the parties and the witnesses and . . .  conserve the resources of the parties, their counsel and the judiciary").  Stated otherwise, the coordinated pretrial proceedings on the claims in the KKPC Action within the scope of MDL 1648 would appear to have been concluded as of the time KKPC chose not to plead in the TAC any claim based on the alleged price-fixing of rubber chemicals.  See, e.g., In re Nazi Era Cases Against German Defs. Litig., 2002 WL 31396607 (D. N.J. 2002) (holding, in MDL proceeding "encompass[ing] those cases which directly impact or are impacted by the implementation and operation of the German Foundation 'Remembrance, Responsibility, and the Future'," one component case should be "transferred back to its court of origin" in light of plaintiffs' having dismissed all claims therein against German corporations, leaving only claims "beyond the contemplated scope of the MDL [ ] proceeding").

Under the circumstances, the parties are hereby ORDERED TO SHOW CAUSE, in writing and no later than September 9, 2008, why the Court should not issue a suggestion of remand pursuant to Rule 7.6 of the Rules for Multidistrict Litigation.[1]

**IT IS SO ORDERED.**

Dated:  August 20, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] The Court will defer ruling on Flexsys' motion to dismiss the TAC until this Court determines whether issuance of a suggestion of remand is appropriate, and, if so, until the Panel acts thereon.