1   Daniel A. Sasse (State Bar No. 236234)
        dsasse@crowell.com
2   Van Nguyen (State Bar No. 222832)
        vnguyen@crowell.com
3   Chahira Solh (State Bar No. 248985)
        csolh@crowell.com
4   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
5   Irvine, California 92614-8505
    Telephone:    (949) 263-8400
6   Facsimile:    (949) 263-8414

7   Robert T. Rhoad (admitted *pro hac vice*)
        rrhoad@crowell.com
8   1001 Pennsylvania Avenue, NW
    Washington, DC 20004-2595
9   Telephone:    (202) 624-2500
    Facsimile:    (202) 628-5116

10

11  Attorneys for Plaintiff
    Bandag, Incorporated
12  (now Bridgestone Bandag, LLC)

13              UNITED STATES DISTRICT COURT

14      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16  IN RE RUBBER CHEMICALS ANTITRUST       MDL Case No. C 04-1648 MMC
    LITIGATION                             Individual Case No. C 06-5700 MMC
17
                                           **STIPULATION AND [PROPOSED]**
18  THIS DOCUMENT RELATES TO:              **ORDER TO SUBMIT TO ARBITRATION**
                                           AND SETTING DEADLINE TO FILE JOINT
19  *Bridgestone Americas Holdings, Inc., et al. v.*  Date:        N/A            STATUS REPORT
    *Chemtura Corporation, et al.*         Time:        N/A
20                                         Ct. Room:    No. 7
                                                        Hon. Maxine M. Chesney
21

22

23

24

25

26

27

28

1   WHEREAS, there is pending in the United States District Court for the Northern District

2   of California (San Francisco Division) a multidistrict proceeding captioned *In re Rubber*

3   *Chemicals Antitrust Litigation*, MDL Docket No. M:04-CV-01648-MMC, alleging, among other

4   things, price-fixing in connection with the sale of Rubber Chemicals (the "Rubber Chemicals

5   MDL Proceeding");

6   WHEREAS, there is pending in the United States District Court for the Northern District

7   of California (San Francisco Division) an action captioned *Bridgestone Americas Holding, Inc. et*

8   *al. v. Chemtura Corporation et al.*, Individual Case No. 3:06-CV-05700-MMC, alleging, among

9   other things, price-fixing in connection with the sale of Rubber Chemicals (the "Dispute" or

10  "Action").  The Judicial Panel on Multi-District Litigation transferred the Action from the Middle

11  District of Tennessee to the Northern District of California to be coordinated with the Rubber

12  Chemicals MDL Proceeding;

13  WHEREAS, Plaintiff Bandag, Incorporated (now Bridgestone Bandag, LLC) ("Bandag")

14  and Defendants Chemtura Corporation and Uniroyal Chemical Company, Inc. ("Chemtura")

15  (Bandag and Chemtura collectively referred to as the "Parties") wish to utilize a litigated and

16  binding arbitration to try the Dispute in accordance with the Commercial Arbitration Rules of the

17  American Arbitration Association ("AAA Rules") in effect as of the date of this stipulation and as

18  modified herein or by the Parties;

19  WHEREAS, the Parties have agreed to stay all discovery and pre-trial deadlines pending

20  the execution and Court approval of this stipulation;

21  **IT IS HEREBY STIPULATED** between the Parties by and through their respective

22  counsel that:

23  I.      **Agreement to Arbitrate**

24  A.      The Dispute shall be submitted to be finally determined by an ad hoc

25  arbitration in accordance with AAA Rules as modified herein or by the Parties.

26  B.      The Parties shall submit the Dispute to arbitration no later than January of

27  2009, subject to the availability of the arbitration panel.

28

1             C.      The arbitration hearings shall be conducted in Washington, D.C. at a

2   mutually agreeable location.

3             D.      The arbitration costs, including the costs and fees of the arbitrators and any

4   other fees, costs, or expenses unique to arbitration, shall be equally shared by Bandag and

5   Chemtura.  Each party shall otherwise bear its own costs and attorneys' fees except that Bandag

6   may recover reasonable attorneys' fees and costs as alleged in its complaint and as permitted

7   under 15 U.S.C. § 15(a).

8             E.      The award of the arbitrators shall be final and binding, with no right of

9   appeal, and shall be confirmed in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. sec.

10  1 et seq.

11      II.      **Selection and Appointment of Arbitrators**

12            A.      The Dispute shall be heard and determined by an arbitration panel

13  consisting of three arbitrators (the "Panel" or "Arbitrators").  Within fifteen (15) calendar days of

14  the execution of this stipulation, Bandag and Chemtura will each appoint one person to act as

15  arbitrator (the "Party Arbitrators").  Within twenty (20) calendar days of the appointment of the

16  Party Arbitrators, the Party Arbitrators will select and appoint the third arbitrator from a list of

17  arbitrators jointly provided by Bandag and Chemtura.  Bandag and Chemtura shall each exchange

18  three (3) names with each other to be included on this list at a time prior to the appointment of the

19  Party Arbitrators.

20            B.      Any arbitrator, including the arbitrators appointed by the Parties, shall be

21  impartial and independent and shall perform his or her duties with diligence and in good faith.

22            C.      No party and no one acting on behalf of any party shall communicate *ex*

23  *parte* with an arbitrator concerning the arbitration, except that a party, or someone acting on behalf

24  of a party, may communicate *ex parte* with candidates for the arbitration panel in order to advise

25  the candidates of the general nature of the controversy and of the anticipated proceedings and to

26  discuss qualifications, availability, or independence and conflicts in relation to the Parties.

27  / / /

28  / / /

1        D.     The third arbitrator shall be the Chairperson of the Panel.  After the

2    appointment of the Panel, if there are any inquiries regarding scheduling or general arbitration

3    procedures, such inquiries shall be made to the Chairperson.

4       III.    **Commencement of Arbitration and Briefing Schedule**

5        A.     At least sixty (60) calendar days before the commencement of the

6    arbitration hearings, Bandag and Chemtura shall simultaneously exchange with each other and

7    submit their respective written arbitration briefs to the Panel.  The submission of the written brief

8    may include any expert reports that the Parties previously have exchanged, witness statements or

9    declarations, and/or any other evidence upon which the Parties intend to rely in support of their

10   claims or defenses.  The written briefs shall not exceed fifty (50) pages (excluding any exhibits

11   thereto).

12       B.     Bandag and Chemtura shall have thirty (30) calendar days following the

13   receipt of the arbitration briefs to exchange and submit written reply briefs.  The submission of the

14   written replies may include any expert reports that the Parties previously have exchanged, witness

15   statements or declarations, and/or any other evidence upon which the Parties intend to rely in

16   support of their claims or defenses.  The written reply briefs shall not exceed thirty (30) pages

17   (excluding any exhibits thereto).  To the extent the Parties intend to rely on any evidence during

18   the arbitration hearings that is not currently part of the record, the Parties shall identify and (if

19   necessary) produce all such evidence no later than the date on which they submit their written

20   reply briefs.

21       C.     Bandag and Chemtura shall have thirty (30) calendar days from the last day

22   of the arbitration hearings to submit separate written findings of fact and conclusions of law, not to

23   exceed fifty (50) pages.

24       D.     At least ten (10) calendar days prior to the commencement of the hearings,

25   the Parties shall identify all evidence they intend to rely on during the arbitration hearings and

26   shall exchange copies of all exhibits, including any demonstrative evidence, they intend to submit

27   at the hearing.

28   / / /

MDL Case No. C 04-1468 MMC
Individual Case No. C 06-5700 MMC
STIPULATION AND [PROPOSED] ORDER TO SUBMIT TO ARBITRATION

IV.     **Conduct of Arbitration Hearings**

A.      The oral arbitration hearings shall be limited to opening and closing statements of counsel, presentations of each party's case-in-chief, along with cross-examination, re-examination and re-cross examination of expert witnesses as described herein.

B.      The oral arbitration hearings will be limited to three (3) days.

C.      Bandag and Chemtura will each have one (1) hour to make their opening statements.  Bandag and Chemtura will then each have three (3) hours to present their case-in-chief.

D.      Chemtura will have three (3) hours to conduct a cross-examination of Bandag's expert, Dr. Halbert L. White, Jr.  Bandag will then have three (3) hours to conduct a re-direct examination of Dr. White.  Chemtura will then have thirty (30) minutes to conduct a re-cross examination of Dr. White.

E.      Bandag will have three (3) hours to conduct a cross-examination of Chemtura's expert, Dr. Janusz A. Ordover.  Chemtura will then have three (3) hours to conduct a re-direct examination of Dr. Ordover.  Bandag will then have thirty (30) minutes to conduct a re-cross examination of Dr. Ordover.

F.      Bandag and Chemtura will each have one (1) hour to make their closing statements.  Any portion of that hour may be reserved for rebuttal closing statements.

G.      The oral arbitration hearings shall be stenographically recorded by a certified court reporter.

V.      **Stipulated Facts and Legal Propositions**

A.      The following facts and legal propositions are hereby stipulated to be true, undisputed, and binding in the arbitration proceedings:

1.      Chemtura participated in a combination and conspiracy to suppress and eliminate competition by maintaining and increasing the price of certain rubber chemicals sold in the United States and elsewhere, beginning in or about July 1995 and continuing until in or about December 2001, in violation of Section One of the Sherman Act, 15 U.S.C. § 1 (the "Rubber Chemicals Conspiracy").  In furtherance of the Rubber Chemicals Conspiracy, Chemtura,

1  through its officers and employees, engaged in discussions and attended meetings with

2  representatives of other major rubber chemical producers.  During these discussions and meetings,

3  agreements were reached to maintain and increase the price of certain rubber chemicals to be sold

4  in the United States and elsewhere.  There is no stipulation as to the effect, if any, of this

5  conspiracy or that this conspiracy or these meetings had any effect on rubber chemicals prices paid

6  by Bandag or any other purchaser.

7          2.     Chemtura pled guilty to participating in the Rubber Chemicals

8  Conspiracy in criminal proceedings brought against it in *United States of America in United States*

9  *of America v. Crompton Corporation*, No. CR 04-0079 MJJ (the "Guilty Plea").  The Guilty Plea

10  says nothing as to the effect, if any, that any agreement(s) concerning rubber chemicals had on

11  rubber chemicals prices paid by Bandag or any other purchaser.

12          3.     In addition to Chemtura, the other major rubber chemical producers

13  participating in the Rubber Chemicals Conspiracy included Bayer AG ("Bayer") and Flexsys N.V.

14  ("Flexsys").

15          4.     The rubber chemicals that were the subject of the Rubber Chemicals

16  Conspiracy and Guilty Plea included 6PPD solid, TBBS and TMQ, including Flexzone 7P, 7F, 7L,

17  Delac NS, and Naugard Q.

18      VI.    **Scope and Powers of the Panel**

19          A.     The Panel shall only decide the following issues:

20          1.     Whether the Rubber Chemicals Conspiracy existed as of January of

21  1995.

22          2.     If the Rubber Chemicals Conspiracy existed as of January of 1995,

23  whether Chemtura was a participant in the Rubber Chemicals Conspiracy during that time.

24          3.     Whether Bandag was injured in its business or property as a result of

25  the Rubber Chemicals Conspiracy under 15 U.S.C. § 15(a).

26          4.     If Bandag was injured in its business or property as a result of the

27  Rubber Chemicals Conspiracy, the amount of single damages to Bandag under 15 U.S.C. § 15(a).

28  Any such award of single damages shall be trebled by the arbitrators as provided in 15 U.S.C. §

1  15.  Additionally, any such award shall be reduced by any settlement amounts Bandag has

2  received from Bayer and Flexsys.

3              5.      What amount of reasonable attorneys' fees and costs under

4  15 U.S.C. § 15 shall be awarded to Bandag?

5  VII.    **Governing Law**

6          A.      The Panel shall resolve the Dispute in accordance with the substantive law

7  of the Ninth Circuit, applying Ninth Circuit substantive law to all material elements and defenses

8  including damages, attorneys' fees and costs, and offsets and mitigation, if available.

9          B.      The Federal Rules of Evidence and Federal Model Jury Instructions are not

10  binding, but shall be persuasive authority in guiding the Panel's assessment of the reliability,

11  relevance, and probative value of the evidence.

12  VIII.   **Procedural Issues**

13          A.      There shall be no additional discovery, except that any party may request

14  the Panel, or the Panel may at its own discretion, order production of documents and information

15  relating to attorneys' fees and costs from any party, and there shall be no additional expert reports

16  other than those previously served in the Federal Court proceedings, except that Chemtura may

17  submit a rebuttal report limited solely to addressing any witness statements or declarations

18  submitted by Bandag rebutting the declaration of Nicholas Romano.

19          B.      The Parties continue to be bound by the terms of the October 5, 2004

20  Stipulation and Order Concerning Confidentiality of Documents and Materials (the

21  "Confidentiality Order").  Any and all materials designated as "Confidential" or "Highly

22  Confidential" pursuant to the Confidentiality Order, including the Parties' arbitration and reply

23  briefs, shall retain the full protections set forth in that Order, except that the Parties agree that the

24  Panel shall be granted access to materials so designated.

25          C.      The Federal Court proceedings in this Action shall be stayed pending

26  completion of the arbitration.

27          D.      This Court shall have continuing jurisdiction to enforce the terms of this

28  Stipulation and Order and to confirm and enter the arbitration award.

6

MDL Case No. C 04-1468 MMC
Individual Case No. C 06-5700 MMC

STIPULATION AND [PROPOSED] ORDER TO SUBMIT TO ARBITRATION

IX.     **Final and Binding**

        A.     The Panel shall render its award within thirty (30) days of the submission of the post-arbitration briefs or as the Parties may subsequently agree.

        B.     The award shall be in writing.

        C.     The Panel's award shall be final and binding, with no right of appeal, and shall be confirmed in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. sec. 1 et seq.

        D.     The judgment on any award rendered by the Panel shall be entered in this Action.

X.      **Representations and Warranties**

        A.     The Parties hereby represent and warrant that they have full authority to enter into this stipulation to submit the Dispute to arbitration, and that counsel who sign and execute this Stipulation on behalf of their respective client(s) have all necessary authority and authorization to bind the Parties to the rights, duties, and obligations contained herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

1    **IT IS SO STIPULATED**.

2    DATED: September 19, 2008          CROWELL & MORING LLP

3

4

5    By: _____
6         Daniel A. Sasse
         Van Nguyen
7         Chahira Solh
         3 Park Plaza, 20th Floor
8         Irvine, CA  92614-8505
         Telephone:     (949) 263 8400
9         Facsimile:     (949) 263 8414

10        Robert T. Rhoad
         1001 Pennsylvania Avenue, NW
11        Washington, DC  20004-2595
         Telephone:     (202) 624-2500
12        Facsimile:     (202) 628-5116

13        Attorneys for Plaintiff
14        Bandag, Incorporated
         (now Bridgestone Bandag, LLC)
15

16   DATED: September 19, 2008          O'MELVENY & MYERS LLP

17

18   By: _____
19        Ian Simmons
         Benjamin G. Bradshaw
20        1625 Eye Street, NW
         Washington, DC 20006-4001
21        Telephone:     (202) 383-5300
         Facsimile:     (202) 383-5414
22

23        Attorneys for Defendants
         Chemtura Corporation and Uniroyal Chemical
24        Company, Inc.

25

26

27

28
                                    8              MDL Case No. C 04-1468 MMC
                                                   Individual Case No. C 06-5700 MMC

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

2   Further, the parties shall file a joint status report no later than March 20, 2009, and every six months thereafter.

3   DATED: September 23 , 2008

4

5

6                   HONORABLE MAXINE M. CHESNEY
                  UNITED STATES DISTRICT COURT FOR THE

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9   DC6343361.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          MDL Case No. C 04-1468 MMC
                                          Individual Case No. C 06-5700 MMC

STIPULATION AND [PROPOSED] ORDER TO SUBMIT TO ARBITRATION