IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>C-07-1057 | MDL Docket No. C-04-1648 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT IN <u>KOREA KUMHO PETROCHEMICAL CO., LTD. V. FLEXSYS AMERICA LP, ET AL.</u>, CASE NO. 07-1057** |

Before the Court is defendants Flexsys America LP and Flexsys N.V.'s ("Flexsys") "Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint," filed May 16, 2008. Plaintiff Korea Kumho Petrochemical Co., Ltd. ("KKPC"), has filed opposition, to which Flexsys has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision thereon, and rules as follows.

**A.  Dismissal of the Antitrust Claims**

In the Third Amended Complaint ("TAC"), KKPC alleges that both KKPC and Flexsys sell 6PPD, a rubber chemical. The TAC includes three antitrust claims, each based on the allegation that Flexsys has "coerced, through threats and intimidation" some of KKPC's "actual and potential customers" to "either boycott KKPC altogether or to greatly reduce the amount of [the product] that they purchase from KKPC." (See TAC ¶ 12.) As a result, KKPC alleges, KKPC has "lost sales," has experienced a decline in its "share of the

1  [ ] market," and has "suffered a loss of profits, loss of goodwill, and loss of ongoing concern
2  value." (See TAC ¶ 36.)  Flexsys argues that the antitrust claims in the TAC, specifically,
3  the First, Second, and Third Causes of Action, are subject to dismissal for failure to allege
4  antitrust injury.

5       For the reasons stated by Flexsys, the Court finds KKPC has failed to allege a
6  cognizable antitrust injury.  Specifically, KKPC has failed to allege an injury to
7  "competition," as opposed to an injury to KKPC itself.  See NYNEX Corp. v. Discon, Inc.,
8  525 U.S. 128, 135 (1998) (holding, where plaintiff alleged buyers in relevant market agreed
9  with plaintiff's competitor not to purchase from plaintiff, plaintiff, in order to state antitrust
10 claim, was required to allege "harm, not just to [plaintiff], but to the competitive process,
11 i.e., to competition itself").  Although the TAC refers to Flexsys's having "caused injury to
12 competition in the United States by reducing and restraining the competition that [KKPC]
13 afforded the [relevant] market" (see TAC ¶ 37), such conclusory allegation is insufficient to
14 allege injury to competition.  See Les Shockley Racing v. National Hot Rod Ass'n, 884 F.
15 2d 504, 507-08 (9th Cir. 1989) (holding plaintiff "may not merely recite the bare legal
16 conclusion that competition has been restrained").  Nor, contrary to KKPC's argument, can
17 injury to competition be inferred from KKPC's allegations of injury to itself, see id. at 508
18 (holding "allegation of market exclusion [of plaintiff] and resulting loss of income" to plaintiff
19 insufficient to allege "injury to competition in the market as a whole"), particularly given
20 KKPC's allegation that other competitors of Flexsys control at least 41% of the market (see
21 TAC ¶¶ 11, 29).  See NYNEX Corp., 525 U.S. at 139 (holding "allegation of harm to
22 [plaintiff] does not automatically show injury to competition;" observing "presence of other
23 potential or actual competitors  . . . argue(s) against the likelihood of anticompetitive
24 harm").

25      Accordingly, KKPC's antitrust claims, specifically, the First, Second, and Third
26 Causes of Action, are subject to dismissal.[1]

---

[1] In light of this finding, the Court does not decide whether the antitrust claims are deficient for the additional reasons argued by Flexsys.

**B. Leave to Amend the Antitrust Claims**

In its opposition, KKPC requests, in the event the Court determines the TAC fails to state a valid antitrust claim, yet another opportunity to amend, in this instance, to file a Fourth Amended Complaint.

The instant case has been pending for over two and a half years, and the TAC represents KKPC's fifth attempt to allege a cognizable antitrust claim.[2] During this protracted period, the matter has been, essentially, hanging over Flexsys's head, unresolved, and is not progressed beyond the pleading stage. The deficiency in the TAC, specifically, KKPC's failure to sufficiently allege antitrust injury, is a failure that Flexsys has brought to KKPC's attention on two prior occasions: first, by moving to dismiss the antitrust claims in the Revised First Amended Complaint ("RFAC") (see, e.g., Defs.' Mot., filed February 26, 2007, at 6:10-24), and, second, by moving to dismiss the antitrust claims in the Second Amended Complaint ("SAC") (see, e.g., Defs.' Mot., filed October 9, 2007, at 9:13 - 10:12, 11:1 - 12:2). Further, such deficiency was the basis for the Court's dismissal of the antitrust claims in the RFAC and the SAC. (See Order, filed August 13, 2007, at 4:10-19; Order, filed March 11, 2008, at 4:13-21, 5:3-5, 7:14-18, 14:14-17.)

Moreover, the requirement that a plaintiff allege antitrust injury is not obscure or the result of a recent change in law; rather, the law has been clear for decades that a plaintiff cannot state an antitrust claim in the absence of a showing of antitrust injury. See Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 334 (1990) (holding plaintiff, to state a cognizable antitrust claim, must show "the existence of antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent"; stating "injury, although causally related to an antitrust violation, nevertheless will not qualify as antitrust injury unless it is attributable to an anti-competitive aspect of the practice under scrutiny, since it is inimical to the antitrust laws to award damages for losses stemming from continued competition")

---

[2]Although the instant complaint is denominated a "Third Amended," KKPC has filed, in addition to its original complaint, a "First Amended," a revised "First Amended," and a "Second Amended" complaint.

1  (internal quotation and citation omitted).  Additionally, the Court, in dismissing with leave to
2  amend the antitrust claims in the SAC, advised KKPC that the Court would "not be inclined
3  to permit further leave beyond that permitted by [the March 11, 2008 order]."  (See Order,
4  filed March 11, 2008, at 15:20-22.)[3]  Under such circumstances, it is reasonable to assume
5  that if KKPC had a factual basis upon which to allege antitrust injury, it would have included
6  such factual allegations in the TAC, yet it did not.

7  Finally, KKPC, in requesting a further opportunity to amend, fails to identify any new
8  factual allegations that, if included in its sixth proposed pleading, would be sufficient to
9  plead an injury to competition, as opposed to injury to KKPC itself, has resulted from
10  Flexsys's alleged threats to potential and actual customers of KKPC.  As a consequence,
11  KKPC has failed to show that, if afforded another opportunity to state a cognizable antitrust
12  claim, it could successfully do so.

13  In light of the above, and, in particular, given the multiple opportunities KKPC has
14  had to state a cognizable antitrust claim, as well as KKPC's failure to identify how it could
15  cure its failure to sufficiently allege antitrust injury if afforded yet another opportunity to
16  amend, the Court finds further leave to amend is unwarranted.  See, e.g., Allen v. City of
17  Beverly Hills, 911 F. 2d 367, 373-74 (9th Cir. 1990) (holding district court did not err in
18  declining to afford plaintiff opportunity to file fourth amended complaint, where plaintiff had
19  unsuccessfully attempted to amend to cure deficiencies and failed to identify how further
20  amendment would result in his alleging cognizable claim).[4]

---

[3]As noted, the Court dismissed with leave to amend the antitrust claims in the RFAC.

[4]On September 23, 2008, KKPC filed a "Motion for Leave to File a Supplemental Complaint," by which KKPC seeks leave to add "new facts that have occurred since the time of the filing of the TAC."  (See Mot. at 2:8-10).  The proposed new factual allegations are that Flexsys, on May 12, 2008, filed a "baseless" patent infringement action against KKPC and two customers of KKPC, that Flexsys then "initiated an aggressive publicity campaign announcing its commencement [of the patent infringement action]," and that the patent infringement action was "summarily dismissed" on September 12, 2008.  (See id. at 4-5.)  These newly-proposed allegations do not pertain to the element of antitrust injury; rather, these allegations pertain to the nature of the "threats" Flexsys has assertedly made to purchasers in the relevant market.  Accordingly, because allowing said supplemental filing will not cure the deficiencies in the TAC, and thus nothing remains to which such new

**C. Dismissal of Remaining State Law Claims**

The two remaining causes of action, specifically, the Fourth and Fifth Causes of Action, arise under state law. The Court's jurisdiction over such claims is supplemental in nature. (See TAC ¶ 1.) Where, as here, a district court has "dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3). Having considered the matter, the Court declines to exercise supplemental jurisdiction over the two remaining claims.

Accordingly, the Fourth and Fifth Causes of Action are subject to dismissal.

## CONCLUSION

For the reasons stated, Flexsys's motion to dismiss the TAC is hereby GRANTED, and the TAC is hereby DISMISSED, as follows:

1. The First, Second, and Third Causes of Action are hereby DISMISSED without leave to amend.

2. The Fourth and Fifth Causes of Action are hereby DISMISSED without prejudice to refiling in state court or any other appropriate forum.

**IT IS SO ORDERED.**

Dated: December 4, 2008

MAXINE M. CHESNEY
United States District Judge

---

claim may be deemed "supplemental," the motion is DENIED. See Beezley v. Fremont Indemnity Co., 804 F. 2d 530, 531 (9th Cir. 1986) (holding district court did not err in denying motion to supplement complaint, where supplemental complaint would not have cured deficiencies noted in initial complaint).